No. 22-11172

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**CORNELIUS CAMPBELL BURGESS**,

*Appellee/Cross-Appellant*,

*v.*

**JENNIFER WHANG**, in her official capacity as an Administrative Law Judge;
**FEDERAL DEPOSIT INSURANCE CORPORATION**;
**MARTIN J. GRUENBERG**, in his official capacity as Acting Chairman of the
FDIC; **MICHAEL J. HSU**, in his official capacity as a Director of the FDIC;
**ROHIT CHOPRA**, in his official capacity as a Director of the FDIC,

*Appellants/Cross-Appellees*.

On Appeal from the United States District Court for the Northern District of Texas
No. 7:22-cv-100 — The Hon. Reed O'Connor, U.S. District Judge, Presiding

## BURGESS'S MOTION TO STAY THE MERITS BRIEFING SCHEDULE

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6507
Facsimile: (202) 639-6500
Email: jamesdawson@velaw.com

Manuel G. Berrelez
*Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

Michael A. Heidler
VINSON & ELKINS LLP
200 West 6th Street
Suite 2500
Austin, TX 78701
Phone: (512) 542-8400
Facsimile: (512) 542-8612
Email: mheidler@velaw.com

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*

**CERTIFICATE OF INTERESTED PERSONS OF APPELLEE/CROSS-APPELLANT CORNELIUS CAMPBELL BURGESS**

*Cornelius Campbell Burgess v. Jennifer Whang*, et al. (No. 22-11172)

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    **Cornelius Campbell Burgess**, Appellee/Cross-Appellant, represented by:

> **Manuel G. Berrelez**
> **Michael A. Heidler**
> **James T. Dawson**
> **Thomas P. Mitsch**
> **James F. Hopper**
> **Madelyn C. Stanley**
> **VINSON & ELKINS LLP**

2.    **Herring Bank**, a regional bank headquartered in Amarillo on whose board of directors Cornelius Campbell Burgess now serves as Vice Chair;

3.    **Herring Bancorp, Inc.,** the parent company of Herring Bank, on whose board of directors Cornelius Campbell Burgess now serves as Vice Chair;

4.    **Jennifer Whang**, Appellant/Cross-Appellee, in her official capacity as an administrative law judge, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**

**FEDERAL DEPOSIT INSURANCE CORPORATION**

5.    **Federal Deposit Insurance Corporation** ("FDIC"), Appellant/Cross-Appellee, an independent agency of the United States, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

6.    **Martin J. Gruenberg**, Appellant/Cross-Appellee, in his official capacity as Acting Chairman of the FDIC, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

7.    **Michael J. Hsu**, Appellant/Cross-Appellee, in his official capacity as a director of the FDIC, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

8.    **Rohit Chopra**, Appellant/Cross-Appellee, in his official capacity as a director of the FDIC, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

Dated:  January 13, 2022

/s/ *Manuel G. Berrelez*

Manuel G. Berrelez
 *Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*

## BURGESS'S MOTION TO STAY THE MERITS BRIEFING SCHEDULE

Pursuant to Federal Rules of Appellate Procedure 26 and 27, Appellee/Cross-Appellant Cornelius Campbell Burgess respectfully moves for the Court to vacate the schedule set forth in the Briefing Notice issued on December 22, 2022 (the "Merits Briefing Schedule") and place merits briefing in abeyance pending (1) this Court's disposition of Appellants/Cross-Appellees' Motion for Summary Reversal, (2) an indicative ruling by the District Court pursuant to Federal Rule of Civil Procedure 62.1(a) regarding Burgess's pending Motion for Reconsideration at the District Court, and (3) the government's decision to file a petition for a writ of certiorari in *Jarkesy v. SEC*, 34 F.4th 446, 452 (5th Cir. 2022). As explained below, each of these three pending events could have a significant impact on the substance and timing of the Merits Briefing Schedule.

In support of this motion, Burgess states the following:

## I.    Background

1.    Burgess initiated this litigation in the District Court to enjoin an administrative enforcement proceeding that Appellant/Cross-Appellee the Federal Deposit Insurance Corporation ("FDIC") is pursuing against Burgess. On October 6, 2022, Burgess filed his Complaint against the FDIC, the FDIC directors, and Administrative Law Judge Whang (together the "FDIC Defendants" or "FDIC Appellants") requesting declaratory relief on three counts: (1) that the FDIC Board

is unconstitutionally structured, (2) that the administrative law judges used by the FDIC are unconstitutionally shielded from removal, and (3) that the enforcement proceeding violates the Seventh Amendment because it deprives Burgess of his right to a jury trial. *See* ROA.35–50.

2.      On November 6, 2022, the District Court granted Burgess's Motion for a Preliminary Injunction in part and ordered the parties to file supplemental briefing on the scope of the injunction (the "November Order").  *See* ROA.351.  The November Order granted Burgess's motion as to Count 3 of his Complaint but denied relief as to Counts 1 and 2. *See* ROA.346, 351.

3.      On November 9, 2022, Burgess filed, in the District Court, a supplemental brief proposing the injunctive relief sought as to Count 3 of the Complaint. *See* ROA.352.  FDIC Defendants filed a combined opposition brief to Burgess's proposed preliminary injunction and a motion for reconsideration on November 11, 2022. *See* ROA.363.

4.      On December 1, 2022, the District Court granted Burgess's requested injunctive relief as to Count 3 and denied FDIC Defendants' motion for reconsideration (the "December Order").  *See* ROA.680.  The District Court preliminarily enjoined the administrative enforcement proceeding that the FDIC is pursuing against Burgess. *See* ROA.682–83.

5.      FDIC Defendants timely appealed the November and December Orders (together the "District Court Orders").

6.      On December 2, 2022, Burgess filed a Motion for Reconsideration requesting that the District Court alter or amend the District Court Orders to find that Burgess is entitled to a preliminary injunction not only as to Count 3, but also with respect to Counts 1 and 2 of the Complaint. *See* ROA.720.

7.      On December 8, 2022, FDIC Appellants filed, in this Court, a Motion for Summary Reversal and a Stay of Further District Court Proceedings Pending Appeal. *See* Doc. 00516572235. On December 30, 2022, Burgess filed his Opposition to FDIC Appellants' Motion for Summary Reversal. *See* Doc. 00516594105. On January 6, 2023, FDIC Appellants filed their Reply Supporting Motion for Summary Reversal and Stay of District Court Proceedings Pending Appeal. *See* Doc. 00516600726.

8.      On January 4, 2023, Burgess timely appealed the District Court Orders as to Counts 1 and 2 of the Complaint.

9.      Since filing his cross-appeal, Burgess's counsel has conferenced with FDIC Appellants' counsel regarding the status of proceedings in the District Court and in this Court, including the impact of those proceedings on the Merits Briefing Schedule. In a conference on January 11, 2022, FDIC Appellants' counsel

communicated that they are considering filing a motion to dismiss Burgess's cross-appeal and that they would not agree to any stay of the Merits Briefing Schedule.[1]

## II.    Motion to Stay Merits Briefing Schedule

10.    Good cause exists to grant Burgess's motion for three reasons. *Cf.* Fed. R. App. P. 26(b) (permitting the Court to extend the time prescribed under the rules for "good cause" shown).

11.    First, the Merits Briefing Schedule should be held in abeyance pending this Court's ruling on FDIC Appellants' Motion for Summary Reversal. In their Motion for Summary Reversal, FDIC Appellants argue that the District Court lacked jurisdiction to issue the District Court Orders based on 12 U.S.C. § 1818(i). If this Court were to grant FDIC Appellants' motion (which should not occur for the reasons set forth in Burgess's opposition), it would obviate the need for merits briefing as to any other issue.

12.    Second, the Merits Briefing Schedule should be held in abeyance pending a potential indicative ruling on Burgess's pending Motion for Reconsideration by the District Court pursuant to Federal Rule of Civil Procedure 62.1(a)(3). Burgess intends to request in his reply brief in support of his Motion for

---

[1] In the event FDIC Appellants file a motion to dismiss Burgess's cross-appeal, Burgess will seek guidance from the Court regarding the impact such a filing would have on the Merits Briefing Schedule, this requested stay, and/or any stay the Court may have entered.

Reconsideration that the District Court issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3), which authorizes a district court that lacks authority to grant a timely motion because of a pending appeal to indicate "either that it would grant the motion if [this Court] remands for that purpose or that the motion raises a substantial issue." *Russell Rd. Food & Beverage, LLC v. Galam*, No. 2:13-cv-776, 2013 WL 2949615, at *3–4 (D. Nev. June 13, 2013) (denying the defendants' reconsideration motion as moot based on a subsequently filed notice of appeal and issuing an indicative ruling that defendants' motion "raise[d] a substantial issue under Fed. R. Civ. P. 62.1(a)(3)"); *Pueblo of Pojoaque v. New Mexico*, No. 15-cv-0625, Order [Dkt. No. 118], pp. 144-45 (D.N.M. Sept. 30, 2016) (denying the defendants' reconsideration motion and issuing an indicative ruling that it would modify its preliminary injunction order if the Tenth Circuit remanded the case for the District Court's consideration). If the District Court issues such an indicative ruling, Burgess intends to file a Federal Rule of Appellate Procedure 12.1(a) notice with this Court, requesting that the case be remanded to the District Court for further proceedings on Burgess's Reconsideration Motion. Burgess's Reconsideration Motion presents the same issues presented in his cross appeal. Therefore, as a matter of judicial economy, merits briefing should be stayed pending the conclusion of this indicative ruling procedure to avoid duplicative briefing and

5

reconsideration of the same issues.

13.     Third, the Merits Briefing Schedule should be held in abeyance pending the government's potentially-forthcoming petition for a writ of certiorari in *Jarkesy v. SEC*, 34 F.4th 446, 452 (5th Cir. 2022).  The Supreme Court recently extended the government's deadline to file its petition to February 17, 2023.  *See SEC v. Jarkesy*, No. 22A596 (Jan. 5, 2023), https://bit.ly/3ILW7f3.   In the event the government files a petition, and the Supreme Court grants it, the Supreme Court will be considering many of the exact same issues raised by this lawsuit and appeal.  *See, e.g.*, ROA.347 ("Plaintiff contends, and the Court agrees, that the analysis of this claim should mirror that in *Jarkesy*."); ROA.682 ("Therefore, in accordance with *Jarkesy*, Plaintiff is entitled to a jury trial as to the entire shared body of overlapping issues, rendering the whole Enforcement Proceeding unconstitutional.").[2] Therefore, an abeyance of merits briefing would avoid the parties briefing and this Court deciding issues which the Supreme Court might be considering in short order.

## III.   Conclusion

**WHEREFORE**, for the reasons stated above, Appellee/Cross-Appellant Cornelius Campbell Burgess respectfully requests that the Court vacate the Merits

---

[2] Burgess will provide this Court with a status update on *Jarkesy* by the earlier of February 18, 2023, or the date in which the government files a petition for writ of certiorari.

Briefing Schedule and place merits briefing in abeyance pending (1) this Court's disposition of FDIC Appellants' Motion for Summary Reversal, (2) an indicative ruling by the District Court pursuant to Federal Rule of Civil Procedure 62.1(a) regarding Burgess's Motion for Reconsideration, and (3) the government's decision to file a petition for a writ of certiorari in *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 452 (5th Cir. 2022).

Dated:  January 13, 2023

Respectfully submitted,

/s/ Manuel G. Berrelez

Manuel G. Berrelez
    *Attorney of Record*

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6507
Facsimile: (202) 639-6500
Email: jamesdawson@velaw.com

VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

Michael A. Heidler
VINSON & ELKINS LLP
200 West 6th Street
Suite 2500
Austin, TX 78701
Phone: (512) 542-8400
Facsimile: (512) 542-8612
Email: mheidler@velaw.com

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on January 13, 2023, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated:  January 13, 2023

/s/ Manuel G. Berrelez
Manuel G. Berrelez
   *Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*

## **CERTIFICATE OF COMPLIANCE**

1.     This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,425 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f).

2.     This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.


Dated:  January 13, 2023                    */s/ Manuel G. Berrelez*
                                            Manuel G. Berrelez
                                                *Attorney of Record*
                                            VINSON & ELKINS LLP
                                            Trammell Crow Center
                                            2001 Ross Avenue, Suite 3900
                                            Dallas, Texas 77002
                                            Phone: (214) 220-7700
                                            Facsimile: (214) 220-7716
                                            Email: mberrelez@velaw.com

                                            *Counsel for Appellee/Cross-Appellant*
                                            *Cornelius Campbell Burgess*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that, on January 11, 2023, I conferred with Joseph Brooks, counsel for Appellants/Cross-Appellees, who informed me that Appellants/Cross-Appellees are opposed to the relief sought by this motion.

Dated:  January 13, 2023

/s/ Manuel G. Berrelez
Manuel G. Berrelez
*Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*