Case No. 22-11172

# United States Court of Appeals for the Fifth Circuit

―――――――――――――――――――――――――

CORNELIUS CAMPBELL BURGESS,

*Appellee/Cross-Appellant,*

— v. —

JENNIFER WHANG, IN HER OFFICIAL CAPACITY AS AN ADMINISTRATIVE LAW JUDGE; FEDERAL DEPOSIT INSURANCE CORPORATION; MARTIN J. GRUENBERG, IN HIS OFFICIAL CAPACITY AS ACTING CHAIRMAN OF THE FDIC; MICHAEL J. HSU, IN HIS OFFICIAL CAPACITY AS A DIRECTOR OF THE FDIC; ROHIT CHOPRA, IN HIS OFFICIAL CAPACITY AS A DIRECTOR OF THE FDIC,

*Appellants/Cross-Appellees.*

―――――――――――――――――――――――――

On Appeal From The United States District Court For The Northern District Of Texas (Wichita Falls Division), No. 7:22-cv-00100-O, Hon. Reed O'Connor

══════════════════════════════════════════════════════════

## FDIC APPELLANTS' OPPOSITION IN PART TO BURGESS'S MOTION TO STAY THE MERITS BRIEFING SCHEDULE

══════════════════════════════════════════════════════════

B. AMON JAMES
Assistant General Counsel
J. SCOTT WATSON
Senior Counsel
JOSEPH BROOKS
Counsel
FEDERAL DEPOSIT INSURANCE
  CORPORATION
3501 Fairfax Drive, Room VS-D-7010
Arlington, VA 22226
Tel: (703) 562-2054 | Fax: (703) 562-2469

January 17, 2023                    *Counsel for Appellants/Cross-Appellees*

# CERTIFICATE OF INTERESTED PERSONS

Appellants/Cross-Appellees are not required to provide a certificate of interested persons under 5th Cir. R. 28.2.1, as the Federal Deposit Insurance Corporation (FDIC) is a federal agency established under 12 U.S.C. § 1811 and all remaining appellants/cross-appellees are individuals acting in their official governmental capacities.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS..........................................................i

TABLE OF AUTHORITIES.....................................................................................iii

I.   INTRODUCTION...................................................................................................1

II.  RELEVANT PROCEDURAL HISTORY............................................................1

III. ARGUMENT...........................................................................................................5

    A.  FDIC Appellants Do Not Oppose A Stay Of Merits Briefing Pending This Court's Resolution Of Their Pending Motion For Summary Reversal As All Parties Agree That, If Granted, It Would End This Case....................................................................................................5

    B.  This Court Should Not Stay Merits Briefing Pending A Potential District Court Indicative Ruling On Burgess's Motion For Reconsideration Because Such A Ruling Would Not Bring Before This Court Any Issue That Is Not Already Here Pursuant To FDIC Appellants' Appeal....................................................................5

    C.  This Court Should Not Stay Merits Briefing Pending A Decision By The Solicitor General On Whether To File A Cert Petition In *Jarkesy* Because Such A Stay Would Potentially Extend For More Than A Year And Supreme Court Review of *Jarkesy* Cannot Resolve Potentially-Case-Dispositive Issues..................................9

IV.  CONCLUSION.....................................................................................................11

CERTIFICATE OF SERVICE.....................................................................................12

CERTIFICATE OF COMPLIANCE............................................................................13

# TABLE OF AUTHORITIES

Page(s)

CASES

*Cochran v. SEC*,
  20 F.4th 194 (5th Cir. 2021) (en banc), *cert. granted*,
  142 S.Ct. 2707 (2022)..................................................................................4, 10

*EEOC v. Boh Bros. Const. Co., L.L.C.*,
  731 F.3d 444 (5th Cir. 2013) (en banc).............................................................7, 8

*In re Sims*,
  994 F.2d 210 (5th Cir. 1993).............................................................................7, 8

*Jarkesy v. SEC*,
  34 F.4th 446 (5th Cir. 2022)....................................................................1, 9, 10, 11

*Louisiana v. Biden*,
  55 F.4th 1017 (5th Cir. 2022)..................................................................................7

*SEC v. Forex Asset Mgmt. LLC*,
  242 F.3d 325 (5th Cir. 2001)..................................................................................8

*University of Texas v. Camenisch*,
  451 U.S. 390 (1981)................................................................................................5

*Ward v. Santa Fe Indep. Sch. Dist.*,
  393 F.3d 599 (5th Cir. 1993).............................................................................7, 8

STATUTES

12 U.S.C. § 1818.........................................................................................................9

FEDERAL RULES

Fed. R. Civ. P. 12(h)(3).............................................................................................8

## I. INTRODUCTION

Appellee/Cross-Appellant Burgess has moved this Court to stay merits briefing of this appeal pending the occurrence of three events: (1) this Court's disposition of Appellants/Cross-Appellees (FDIC Appellants)' Motion for Summary Reversal; (2) a potential district-court indicative ruling Burgess says he intends to seek with respect to his motion for reconsideration of the district-court order that **"GRANTED"** his motion for a preliminary injunction; and (3) the Solicitor General's decision on whether to file a cert petition in *Jarkesy v. SEC*.[1] As to only the first of these events—disposition of the pending Motion for Summary Reversal--FDIC Appellants do not oppose a stay of merits briefing. However, FDIC Appellants do oppose a stay of merits briefing pending the other two events, as such a stay would significantly delay this appeal with no corresponding benefit to its expeditious resolution.

## II. RELEVANT PROCEDURAL HISTORY

1. Since November 2014, Burgess has been vigorously defending against claims in an FDIC administrative enforcement action (Enforcement Proceeding) that has included two hearings and an intervening appeal to this Court.[2]

2. On October 6, 2022—as the Enforcement Proceeding was about to go before the FDIC Board of Directors for its review and issuance of a final decision and order—Burgess filed this district-court lawsuit against the FDIC, an administra-

---

[1] 34 F.4th 446, 452 (5th Cir. 2022).
[2] ROA.330-32.

1

tive law judge (ALJ), and three FDIC officers.[3] The Complaint asserts that "[t]he purpose of this lawsuit is to prevent the FDIC . . . from continuing [the] [E]nforcement [Proceeding] against Burgess."[4] To that end, the Complaint asserts three Counts for declaratory relief: (1) a Count alleging the FDIC Board is unconstitutionally structured; (2) a Count alleging the ALJs used by the FDIC are unconstitutionally shielded from removal; and (3) a Count alleging the FDIC unconstitutionally deprived Burgess of his Seventh Amendment right to a jury trial.[5]

3. On October 15, 2022, Burgess moved for entry of a preliminary injunction "to enjoin the FDIC from continuing the Enforcement Proceeding against [him]."[6] In his motion papers, Burgess repeatedly requested—*as to all three Counts of his Complaint*—the same preliminary injunctive relief: "This Court should enter a preliminary injunction barring the Defendants from continuing the Enforcement Proceeding."[7]

4. By order entered on November 6, 2022 (Nov. 6 Order), the district court "**GRANTED**" Burgess's motion.[8] As relevant here, the court ruled Burgess was unlikely to succeed on the merits of his FDIC-Board-structure and ALJ-removal-

---

[3] ROA.332.
[4] ROA.13
[5] ROA.332-33.
[6] ROA.333.
[7] ROA.174; *see also* ROA.103 (same), ROA.140 (same), and ROA.313 (same).
[8] ROA.328, 351.

2

protection claims.[9] But the court also ruled that Burgess was likely to succeed on the merits of his Seventh-Amendment-right-to-a-jury-trial claim.[10] The Nov. 6 Order concluded by directing the parties to file briefs describing in detail what relief the injunction should include.[11]

5. On December 1, 2022, the district court entered an order (PI Order) preliminarily enjoining FDIC Appellants from:

- Entering any Final Decision in the Enforcement Proceeding, . . . ;
- Acting on any motions or requests filed by the parties to the Enforcement Proceeding . . . ;
- Transmitting the record of the Enforcement Proceeding to the FDIC's Board of Directors, . . . ; or
- Otherwise continuing the Enforcement Proceeding in any way.[12]

This is the exact same preliminary injunctive relief that Burgess had requested.[13]

6. On December 2, 2022, FDIC Appellants noticed their appeal from both the Nov. 6 Order and the PI Order.[14] Later that same day—despite the fact that the district court had granted Burgess all of the preliminary injunctive relief he had requested—Burgess moved the district court to reconsider the Nov. 6 Order.[15]

---

[9] ROA.344-46.

[10] ROA.346-49.

[11] ROA.351.

[12] ROA.683.

[13] *Compare* ROA.681 *with* ROA.683.

[14] ROA.684-86.

[15] ROA.720-55.

3

7. Burgess's reconsideration motion did not seek any preliminary injunctive relief beyond what the PI Order granted. Rather, it sought only to extend to Counts 1 and 2 the same preliminary injunctive relief that had been granted as to Count 3.[16] As Burgess explained to the district court, if "the government's appeal is successful, the existing injunction would be lifted, and the FDIC would then be free to continue the Enforcement Proceeding unless blocked from doing so *on some other ground*."[17]

8. On December 8, 2022, FDIC Appellants filed with this Court a Motion for Summary Reversal and a Stay of Further District Court Proceedings Pending Appeal.[18] That motion raises only one narrow substantive issue that, if decided in favor of FDIC Appellants, would be dispositive of this case: whether this Court's decision in *Cochran v. SEC*[19] forecloses district-court jurisdiction over Burgess's lawsuit.[20]

9. On December 22, 2022, this Court issued a briefing notice requiring FDIC Appellants to file the opening brief in their appeal by January 31, 2023.

10. On January 4, 2023, Burgess noticed his cross-appeal from the same Nov. 6 Order and PI Order that **"GRANTED"** his motion for a preliminary injunction and are the subject of FDIC Appellants' appeal.

---

[16] ROA.754 and n.25.

[17] ROA.754 n.25 (emphasis added).

[18] Document: 12.

[19] 20 F.4th 194 (5th Cir. 2021) (en banc), *cert granted on other grounds*, 147 S.Ct. 2707 (2022).

[20] *See* Motion for Summary Reversal at 1; Reply Supporting Motion for Summary Reversal and Stay of District Court Proceedings Pending Appeal (Document: 30-1) at 1.

4

## III. ARGUMENT

### A. FDIC Appellants Do Not Oppose A Stay Of Merits Briefing Pending This Court's Resolution Of Their Pending Motion For Summary Reversal As All Parties Agree That, If Granted, It Would End This Case.

In Burgess's motion, he acknowledges that FDIC Appellants' pending motion for summary reversal raises a narrow, dispositive jurisdictional issue and he concedes that, "[i]f this Court were to grant FDIC Appellants' motion . . . , it would obviate the need for merits briefing as to any other issue."[21] FDIC Appellants agree with Burgess that the merits briefing schedule should, therefore, be held in abeyance pending the Court's ruling on their motion for summary reversal. Indeed, in their motion for summary reversal FDIC Appellants have already requested this Court to grant essentially the same relief: "In the event that this Court does not grant this motion for summary reversal, [FDIC] Appellants request a period of 30 days from the denial of the motion in which to file their brief on the merits."[22]

### B. This Court Should Not Stay Merits Briefing Pending A Potential District Court Indicative Ruling On Burgess's Motion For Reconsideration Because Such A Ruling Would Not Bring Before This Court Any Issue That Is Not Already Here Pursuant to FDIC Appellants' Appeal.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."[23] In seeming recognition of this established legal principle, Burgess sought—as to all three Counts of his Com-

---

[21] Burgess Motion (Document: 41) at 4, ¶11.

[22] FDIC Appellants' Motion for Summary Reversal (Document: 12) at 14.

[23] *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

5

plaint—the same preliminary injunctive relief: "a preliminary injunction barring the Defendants from continuing the Enforcement Proceeding."[24] It is beyond dispute that the PI Order granted Burgess precisely that relief.[25]

In his motion for reconsideration, Burgess is requesting the district court to extend to Counts 1 and 2 of his Complaint the exact same preliminary injunctive relief he was granted by the PI Order with respect to Count 3.[26] In the context of this appeal from the grant of a preliminary injunction, however, Counts 1 and 2 are simply alternative grounds for affirming the Nov. 6 Order and the PI Order. Indeed, Burgess concedes this point in his pending district-court motion for reconsideration:

> [If] the government's appeal is successful, the existing injunction would be lifted, and the FDIC would then be free to continue the Enforcement Proceeding unless blocked from doing so *on some other ground.* Issuing a preliminary injunction as to Counts 1 and 2 is therefore necessary to ensure that the FDIC does not issue a Final Decision in the Enforcement Proceeding in the event that the Fifth Circuit were to vacate this Court's determination that an injunction is warranted as to Count 3.[27]

As to the last sentence quoted above, however, Burgess could not be more wrong. Rather, under this Court's controlling precedent, Counts 1 and 2 already can be brought before this Court as alternative grounds for affirmance of the existing preliminary injunction order if Burgess chooses to raise them.

---

[24] ROA.174; *see also* ROA.103 (same), ROA.140 (same), ROA.313 (same).

[25] *See supra* at page 3, ¶ 5.

[26] *See supra* at page 4, ¶ 7.

[27] ROA.754 n.25.

As this Court recently reaffirmed in *Louisiana v. Biden*, "it is an elementary proposition, and the supporting cases too numerous to cite, that this [C]ourt may affirm the district court's judgment on any grounds supported by the record."[28] What is more, the *Louisiana v. Biden* Court applied this elementary proposition to an appeal from a preliminary injunction and upheld the injunction on a ground other than the one the district court had relied on.[29] Because of this elementary legal principle, there is simply no basis for halting merits briefing in this case until the district court potentially issues an indicative ruling on Burgess's reconsideration motion. Moreover, for essentially the same reason, Burgess's cross-appeal is legally deficient and should not be allowed to go forward in this Court.

As this Court reaffirmed in *Ward v. Santa Fe Indep. Sch. Dist.*, "[i]t is a central tenet of appellate jurisdiction that a party who is not aggrieved by a judgment [or appealable order] of the district court has no standing to appeal it."[30] And "[s]imply stated, a party who has obtained a judgment [or appealable order] in his favor, *granting the relief sought*, is not aggrieved by it."[31] Indeed, as is especially pertinent here, this Court "ha[s] emphasized that a 'cross-appeal filed for the sole purpose of advancing additional arguments in support of a judgment [or appealable order] is worse

---

[28] 55 F.4th 1017, 1022 (5th Cir. 2022).

[29] *Id.*; *see also id.* at 1021-22, 1029-31.

[30] 393 F.3d 599, 603 (5th Cir. 1993).

[31] *EEOC v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 469 n.35 (5th Cir. 2013) (en banc) (emphasis in original) (quoting *In re Sims*, 994 F.2d 210, 214 (5th Cir. 1993)).

than unnecessary, because it disrupts the briefing schedule, increases the number (and usually the length) of briefs, and tends to confuse the issues.'"[32] "Such arguments should, instead, be included in the appellee's answering brief."[33]

In the instant motion to stay merits briefing of this appeal, Burgess suggests a motion might be forthcoming from FDIC Appellants seeking dismissal of his cross-appeal and that such a motion would provide additional reason to delay merits briefing.[34] But there is no need to clog this Court's docket with yet another motion and further delay the resolution of this appeal. Rather, Burgess has already put this issue in play in his own motion. Moreover, as it did in *Ward*, this Court could "*sua sponte* conclude that [a party] lack[s] standing to appeal the judgment [or appealable order] in [his] favor."[35] Such a course would be especially appropriate here given Burgess's admission that he is seeking to assert alternative *grounds* for the same relief, *supra* page 6, and the current procedural posture of this case.[36]

In sum, Burgess's district-court reconsideration motion provides no basis for staying merits briefing in this case because it addresses nothing more than potential alternative grounds for affirming the PI Order. What is more, Burgess also lacks

---

[32] *Id.* (quoting *In re Sims*, 994 F.2d at 214).

[33] *In re Sims*, 994 F.2d at 214.

[34] Burgess's Motion (Document: 41) at 4 and n.1.

[35] *Ward*, 393 F.3d at 603; *see also SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 328 (5th Cir. 2001) (this Court may consider standing to appeal *sua sponte*).

[36] *Cf.* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

standing to pursue his cross-appeal because all of the preliminary injunctive relief he sought on his motion for a preliminary injunction was granted and he is free to raise Counts 1 and 2 as alternative grounds for affirming the PI Order if he so chooses.

- C. **This Court Should Not Stay Merits Briefing Pending A Decision By The Solicitor General On Whether To File A Cert Petition In *Jarkesy* Because Such A Stay Would Potentially Extend For More Than A Year And Supreme Court Review Of *Jarkesy* Cannot Resolve Potentially-Case-Dispositive Issues.**

Burgess argues that merits briefing should also be stayed pending the Solicitor General's potential forthcoming cert petition seeking review of this Court's decision in *Jarkesy v. SEC*.[37] But such a stay should not be entered for three reasons.

*First*, the length of such a stay could ultimately be more than a year. Burgess's rationale for such a stay is that it would give the Supreme Court the opportunity to consider issues raised by this appeal before this Court would have to do so. But while Burgess informs this Court that the Solicitor General currently must file a cert petition by February 17, 2023, he neglects to mention that any decision the Supreme Court might render in *Jarkesy* would likely not be issued until well into 2024.

*Second*, this case can be promptly resolved on jurisdictional grounds that have nothing to do with *Jarkesy*. FDIC Appellants principal argument here is that the district court lacked jurisdiction to enter a preliminary injunction barring them from continuing the Enforcement Proceeding. And even if this Court were to deny the

---

[37] 34 F.4th 446 (5th Cir. 2022).

pending motion for summary reversal, jurisdictional issues would remain before the Court, as FDIC Appellants would argue (should full briefing on the merits prove necessary) that the district court was explicitly precluded from exercising jurisdiction whether or not *Cochran* resolved that question. There is no sound reason for this Court to wait for a Supreme Court decision in *Jarkesy* (potentially a year or more away) rather than decide this case on grounds not addressed in that case.

*Third*, a Supreme Court decision in *Jarkesy* may not resolve much, if any, of what is before this Court here. *Jarkesy* would not address the different and materially distinguishable statute and administrative review scheme that govern FDIC administrative proceedings. For example, the SEC may elect to bring enforcement actions in federal district court rather than before an administrative tribunal and the FDIC may not—a distinction this Court appeared to find dispositive on the right-to-a-jury-trial issue in *Jarkesy*.[38] And the Supreme Court could decide the right-to-a-jury-trial issue on the alternative ground on which this Court also rested its decision in *Jarkesy*, namely, unconstitutional delegation of legislative power.[39] That issue has nothing at all to do with this case.

In sum, because the stay Burgess proposes would potentially last for a year or more, and for the further reason that this case involves a number of potentially dis-

---

[38] *See Jarkesy*, 34 F.4th at 456 ("Congress could have purported to assign such proceedings *solely* to administrative tribunals, but it did not."). But as to the FDIC, it did. *See* 12 U.S.C. § 1818.

[39] *See Jarkesy*, 34 F.4th at 459-63.

positive issues that the Supreme Court either will not or may not address if a cert petition is filed in *Jarkesy*, merits briefing of this appeal should not be stayed pending the Solicitor General's decision on whether to file a cert petition in *Jarkesy*.

## IV. CONCLUSION

This Court should stay merits briefing in this appeal pending resolution of FDIC Appellants' pending motion for summary reversal. This Court should *not* stay merits briefing pending either a potential indicative district-court ruling on Burgess's motion for reconsideration of the Nov. 6 Order or a decision by the Solicitor General's Office on whether to file a cert petition in *Jarkesy*. Finally, Burgess's motion and admissions in the record show that he lacks standing to bring his cross-appeal.

Dated: January 17, 2023

Respectfully submitted,
B. Amon James
Assistant General Counsel
J. Scott Watson
Senior Counsel

<u>s/Joseph Brooks</u>
Joseph Brooks
Counsel
FEDERAL DEPOSIT INSURANCE
 CORPORATION
3501 Fairfax Drive, Room D-7010
Arlington, VA 22226
Tel: (703) 562-2054
Fax: (703) 562-2496

*Counsel for Appellants/Cross-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response in partial opposition to motion has been filed by electronic case filing and served on counsel of record through the Court's Notice of Docket Activity on this 17th day of January, 2023.

s/ Joseph Brooks<br>
Joseph Brooks

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this response in partial opposition to motion complies with the length limits of Fed. R. App. P. 27(d)(2)(A) because it contains 2,631 words, excluding the parts of the reply exempted by Fed. R. App. P. 32(f).

Undersigned counsel further certifies that this reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced 14-point (12-point for footnotes) Baskerville Old Face typeface using Microsoft Word 2016.

s/Joseph Brooks
Joseph Brooks

*Counsel for Appellants/Cross-Appellees*

Dated: January 17, 2023
