No. 22-11172

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### CORNELIUS CAMPBELL BURGESS,

*Appellee/Cross-Appellant,*

*v.*

**JENNIFER WHANG**, in her official capacity as an Administrative Law Judge;
**FEDERAL DEPOSIT INSURANCE CORPORATION**;
**MARTIN J. GRUENBERG**, in his official capacity as Acting Chairman of the
FDIC; **MICHAEL J. HSU**, in his official capacity as a Director of the FDIC;
**ROHIT CHOPRA**, in his official capacity as a Director of the FDIC,

*Appellants/Cross-Appellees.*

_____

On Appeal from the United States District Court for the Northern District of Texas
No. 7:22-cv-100 —  The Hon. Reed O'Connor, U.S. District Judge, Presiding

_____

## MOTION OF APPELLEE/CROSS-APPELLANT
## CORNELIUS CAMPBELL BURGESS TO HOLD APPEAL IN
## ABEYANCE PENDING THE SUPREME COURT'S
## DISPOSITION OF THE RECENTLY GRANTED PETITION
## FOR A WRIT OF CERTIORARI IN *SEC V. JARKESY* (NO. 22-859)

_____

(Counsel listed inside cover.)

Michael A. Heidler
VINSON & ELKINS LLP
200 West 6th Street
Suite 2500
Austin, TX 78701
Phone: (512) 542-8400
Facsimile: (512) 542-8612
Email: mheidler@velaw.com

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6507
Facsimile: (202) 639-6500
Email: jamesdawson@velaw.com

Manuel G. Berrelez
    *Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*

## CERTIFICATE OF INTERESTED PERSONS OF APPELLEE/ CROSS-APPELLANT CORNELIUS CAMPBELL BURGESS

*Cornelius Campbell Burgess v. Jennifer Whang*, et al. (No. 22-11172)

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Cornelius Campbell Burgess**, Appellee/Cross-Appellant, represented by:

> **Manuel G. Berrelez**
> **Michael A. Heidler**
> **James T. Dawson**
> **Thomas P. Mitsch**
> **James F. Hopper**
> **Madelyn C. Stanley**
> **VINSON & ELKINS LLP**

2. **Herring Bank**, a regional bank headquartered in Amarillo on whose board of directors Cornelius Campbell Burgess now serves as Vice Chair;

3. **Herring Bancorp, Inc.,** the parent company of Herring Bank, on whose board of directors Cornelius Campbell Burgess now serves as Vice Chair;

4. **Jennifer Whang**, Appellant/Cross-Appellee, in her official capacity as an administrative law judge, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

5.    **Federal Deposit Insurance Corporation** ("FDIC"), Appellant/Cross-Appellee, an independent agency of the United States, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

6.    **Martin J. Gruenberg**, Appellant/Cross-Appellee, in his official capacity as Acting Chairman of the FDIC, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

7.    **Michael J. Hsu**, Appellant/Cross-Appellee, in his official capacity as a director of the FDIC, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

8.    **Rohit Chopra**, Appellant/Cross-Appellee, in his official capacity as a director of the FDIC, represented by:

> **Joseph Brooks**
> **Arthur E. Anthony**
> **Andrew A. Nicely**
> **FEDERAL DEPOSIT INSURANCE CORPORATION**

Dated:  July 6, 2023                          /s/ Manuel G. Berrelez

                                               Manuel G. Berrelez
                                                  *Attorney of Record*
                                               VINSON & ELKINS LLP
                                               Trammell Crow Center
                                               2001 Ross Avenue, Suite 3900
                                               Dallas, Texas 77002
                                               Phone: (214) 220-7700
                                               Facsimile: (214) 220-7716
                                               Email: mberrelez@velaw.com

                                               *Counsel for Appellee/Cross-Appellant*
                                               *Cornelius Campbell Burgess*

# **TABLE OF CONTENTS**

**Page**

Certificate of Interested Persons ............................................................... ii

Table of Authorities ...................................................................................vi

Introduction ................................................................................................1

Background .................................................................................................4

    A.    Proceedings in *Jarkesy*. ..............................................................4

    B.    Proceedings in this Case. ..........................................................5

Legal Standard ...........................................................................................8

Argument ...................................................................................................9

    I.    An Abeyance Pending the Supreme Court's Disposition of *Jarkesy* Would Promote the Interests of Judicial Economy. ...................................9

    II.    The Presence of a Contested Jurisdictional Issue Does Not Obviate the Need for an Abeyance. ......................................................12

    III.    There Are No Material Differences Between the Statute at Issue in *Jarkesy* and the Statute at Issue in this Case. ..........................................14

    IV.    Abeyance Would Cause No Prejudice to the Government. .....................15

Conclusion ...............................................................................................17

Certificate of Service ...............................................................................18

Certificate of Compliance ........................................................................19

Certificate of Conference ........................................................................20

# TABLE OF AUTHORITIES

**Cases:**                                                                    **Page(s)**

*Bank of Louisiana v. FDIC*,
   919 F.3d 916 (5th Cir. 2019) .........................................................................9, 13

*Brown v. Perry*,
   184 F.3d 388 (4th Cir. 1999) ..............................................................................10

*Cardenas v. Stephens*,
   820 F.3d 197 (5th Cir. 2016) .................................................................................9

*Consumers' Rsch. v. Consumer Prod. Safety Comm'n*,
   592 F. Supp. 3d 568 (E.D. Tex. 2022).................................................................10

*DeOtte v. Nevada*,
   20 F.4th 1055 (5th Cir. 2021) ...............................................................................9

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33 (1989).................................................................................................9

*Guajardo v. Estelle*,
   580 F.2d 748 (5th Cir. 1978) ..............................................................................14

*Henderson v. Thaler*,
   626 F.3d 773 (5th Cir. 2010) .........................................................................9, 10

*In re Grand Jury Proc., Miscellaneous No. 1331*,
   712 F.2d 973 (5th Cir. 1983) ..............................................................................10

*Jarkesy v. SEC*,
   34 F.4th 446 (5th Cir. 2022) ................................................................. 1, 4, 5, 10

*Jarkesy v. SEC*,
   51 F.4th 644 (5th Cir. 2022) (per curiam) ...........................................................1

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).................................................................................................8

*Lawrence ex rel. Lawrence v. Chater*,
   516 U.S. 163 (1996) (per curiam)........................................................................11

vi

**Cases—Continued:**                                                             **Page(s)**

*Lucia v. SEC*,
  138 S. Ct. 2044 (2018) ...................................................................... 14

*Mississippi v. Tennessee*,
  142 S. Ct. 31 (2021) ......................................................................... 16

*Robinson v. Ardoin*,
  37 F.4th 208 (5th Cir. 2022) (per curiam) ........................................ 8

*Rodriguez v. City of Houston*,
  428 F. App'x 367 (5th Cir. 2011) (per curiam) ................................. 9

*SEC v. Jarkesy*, No. 22-859,
  --- S. Ct. ----, 2023 WL 4278448 (mem.) (U.S. June 30, 2023) ...................... 1, 5

*Tyler v. Cain*,
  533 U.S. 656 (2001) .......................................................................... 11

*United States v. $23,407.69 in U.S. Currency*,
  715 F.2d 162 (5th Cir. 1983) ............................................................ 10

*United States v. Arteaga*,
  436 F. App'x 343 (5th Cir. 2011) ...................................................... 9

*United States v. Cluck*,
  No. 98-50440, 1999 WL 642876 (5th Cir. July 27, 1999) (per curiam) .............. 8

*Villatoro-Avila v. Holder*,
  622 F. App'x 451 (5th Cir. 2015) (per curiam) ................................. 9

*Whole Woman's Health v. Paxton*,
  978 F.3d 896 (5th Cir. 2020) ............................................................ 10

**Statutes:**

12 U.S.C. § 1818(i) .............................................................................. 13

**Rules:**                                                          **Page(s)**

Federal Rule of Appellate Procedure 26(b) ................................................8

Federal Rule of Appellate Procedure 27 ...................................................1

Fifth Circuit Rule 27.1.3 ...........................................................1, 8

Fifth Circuit Rule 34.6 ...............................................................8

Fifth Circuit Rule 42.4 ...............................................................8


**Other Authorities:**

Br. of Plaintiffs-Appellants, *Boudreaux v. Schlumberger*,
No. 22-30819, ECF 71-1 (June 14, 2023) ..........................................14

Letter of Advisement, *Bank of La. v. FDIC*,
No. 17-30044 (5th Cir. Feb. 6, 2018), ECF 89.................................14

Order, *Boudreaux v. Schlumberger Tech. Corp.*,
No. 22-30819 (5th Cir. Feb. 17, 2023), ECF 27-2 .............................8

Order, *Brown v. U.S. Dep't of Educ.*,
No. 22-11115 (5th Cir. Dec. 2, 2022), Doc. 00516564899 .................9

Order, *De Souza v. Garland*,
No. 20-60931 (5th Cir. Dec. 10, 2020), ECF 23-2 ............................9

Order, *Heston v. Austin Indep. Sch. Dist.*,
No. 22-50295 (5th Cir. Mar. 17, 2023), ECF 59-2.............................8

Order, *United States v. Marrufo*,
No. 22-50956 (5th Cir. May 18, 2023), ECF 66-2 .............................8

Order, *Venable v. Smith Int'l, Inc.*,
No. 22-30227 (5th Cir. July 5, 2022), Doc. 00516381881.................9

Order, *Whole Woman's Health v. Paxton*,
No. 17-51060 (5th Cir. Mar. 13, 2019), Doc. 00514871170 (per curiam)...........9

**Other Authorities—Continued:** <u>**Page(s)**</u>

Order, *Whole Woman's Health v. Phillips*,
     No. 18-50730 (5th Cir. Oct. 7, 2019), Doc. 00515148396 (per curiam)..............9

Pet. for Writ of Certiorari, *SEC v. Jarkesy*,
     No. 22-859, 2023 WL 2478988 (U.S. June 30, 2023)................................. 2, 3, 5

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.1.3, Appellee/Cross-Appellant Cornelius Campbell Burgess respectfully moves the Court to place this case into abeyance pending the United States Supreme Court's disposition of *SEC v. Jarkesy*, in which the Solicitor General's petition for a writ of certiorari was granted on June 30, 2023.  34 F.4th 446, *reh'g denied*, 51 F.4th 644 (5th Cir. 2022) (per curiam), *cert. granted*, No. 22-859, --- S. Ct. ----, 2023 WL 4278448 (mem.).  The Appellants/Cross-Appellees (together, the "government") oppose the relief requested in this motion.

## **INTRODUCTION**

Six days ago, the Supreme Court granted a petition for a writ of certiorari to review this Court's opinion in *Jarkesy v. SEC*.  Two of the questions presented in *Jarkesy* are directly relevant to this appeal, which is fully briefed but has not yet been set for argument.  Indeed, the District Court expressly stated that it was issuing the preliminary injunction that is now being challenged on appeal "**in accordance with _Jarkesy_**."  ROA.682 (emphasis added).  Given that the Supreme Court's forthcoming opinion in *Jarkesy* could have a dispositive impact on this case, Burgess respectfully submits that the appropriate course of action is to place this appeal into abeyance pending the Supreme Court's disposition of *Jarkesy* and then allow the parties to submit filings after *Jarkesy* is decided that discuss that opinion's implications for this case.  In recent years, this Court has followed that path on

1

dozens of occasions to conserve the scarce resources of the Court, the parties, and agency staff. *See infra* notes 3 and 4 (collecting examples).

The Supreme Court's decision in *Jarkesy* will undoubtedly provide guidance to this Court on several of the questions in this case. By Burgess's count, *Jarkesy* was referenced approximately 100 times in the briefs filed with this Court,[1] about 200 times in the parties' District Court papers, and some 30 times at the District Court hearing. The parties and the District Court focused so heavily on *Jarkesy* because two of the questions in that case are also present in this case.

The first question presented in *Jarkesy* is whether statutes that allow an administrative agency to adjudicate enforcement proceedings seeking civil monetary penalties violate the Seventh Amendment. *See* Pet. for Writ of Certiorari at I, *SEC v. Jarkesy*, No. 22-859, 2023 WL 2478988 (U.S. June 30, 2023) ("*Jarkesy* Cert. Petition"). In this case, the District Court enjoined the Federal Deposit Insurance Corporation ("FDIC") from continuing an in-house enforcement proceeding because the FDIC was violating the Seventh Amendment by seeking civil monetary penalties against Burgess. ROA.346-349. The District Court explained that its analysis would

---

[1] *Cf.* Gov't Opening Br. 46-48, ECF 56; Burgess Principal and Response Br. 38-53, ECF 63; Gov't Response and Reply Br. 39-41, ECF 95; CATO *Amicus* Br. 9-10, ECF 73; Chamber of Commerce *Amicus* Br. 15-23, ECF 77; Separation of Powers Clinic *Amicus* Br. 5, ECF 70-1; New Civil Rights Alliance *Amicus* Br. 23-28, ECF 75; Pacific Legal Found. *Amicus* Br. 13-19, ECF 72.

"mirror that in *Jarkesy*" (ROA.347), and then discussed *Jarkesy* at length—citing that case more than a dozen times. The District Court ultimately issued an injunction after concluding that, "**in accordance with *Jarkesy***, [Burgess] is entitled to a jury trial." ROA.682 (emphasis added).

The third question presented in *Jarkesy* is whether statutes that grant dual for-cause removal protection to administrative law judges ("ALJs") violate Article II of the United States Constitution. *See Jarkesy* Cert. Petition at I. Based on *Jarkesy*'s holding that such statutes are unconstitutional, Burgess argued in Count II of his Complaint that the ALJs used by the FDIC are also unlawful. ROA.40-43. The District Court concluded that Count II "ha[d] merit." ROA.344. The overlap between this case and *Jarkesy* is so clear that the government conceded at the District Court that *Jarkesy* is "binding precedent" foreclosing its merits position on Count II, before attempting to downplay *Jarkesy* as a "current[]" precedent with which it "respectfully disagrees"—*i.e.*, a precedent that it intended to ask the en banc court or the Supreme Court to overrule. Defs.' Mot. to Dismiss at 35, Dist. Ct. ECF 62.

Notwithstanding the many convergences between this case and *Jarkesy*, the government has elected to oppose this motion. The government's view is that the presence of a disputed jurisdictional question in this case counsels against abeyance, because it is possible that this Court could ultimately decide to dismiss this case on jurisdictional grounds, in which case it would not be necessary to reach the merits

3

issues as to which *Jarkesy* is relevant.  That argument is baseless.  This Court has already declined to grant the government's motion for summary reversal on jurisdictional grounds, which definitively confirms that this Court may ultimately need to reach the merits.  In any event, the government's argument is out of step with this Court's prior practice.  In numerous cases, this Court has granted abeyances pending disposition of a Supreme Court case that is relevant to merits issues even when a separate jurisdictional question is present in the case.  *See infra* at 12-14.

Placing this case into abeyance would promote judicial economy and would cause no prejudice to the government.  This motion should therefore be granted.

## BACKGROUND

### A.    Proceedings in *Jarkesy*.

In 2013, the Securities and Exchange Commission ("SEC") initiated an in-house enforcement proceeding against George Jarkesy.  Seven years later, the SEC issued an order finding that Mr. Jarkesy had committed securities fraud.  The agency ordered Mr. Jarkesy to pay civil monetary penalties, to disgorge certain gains, and to cease involvement with securities-related activities.  *Jarkesy*, 34 F.4th at 450.

Mr. Jarkesy filed a petition for review of the SEC's order in this Court.  In May 2022, this Court issued a published opinion holding that: (1) the SEC proceeding violated the Seventh Amendment because the agency was seeking civil monetary penalties in a forum where the respondent did not have a right to a jury,

34 F.4th at 451-59; (2) Congress unconstitutionally delegated legislative power to the SEC when it gave the agency power to choose whether to bring enforcement proceedings in federal court or in an administrative proceeding, *id.* at 459-63; and (3) the dual "for cause" removal protections enjoyed by the SEC's ALJs violated Article II of the Constitution, *id.* at 463-65. This Court vacated the SEC's decision and remanded to the agency for further proceedings. *See id.* at 465-66.

The Solicitor General filed a petition for a writ of certiorari in *Jarkesy* on March 8, 2023. That Petition presents three questions:

1.  Whether statutory provisions that empower the [SEC] to initiate and adjudicate administrative enforcement proceedings seeking civil penalties violate the Seventh Amendment.

2.  Whether statutory provisions that authorize the SEC to choose to enforce the securities laws through an agency adjudication instead of filing a district court action violate the nondelegation doctrine.

3.  Whether Congress violated Article II by granting for-cause removal protection to administrative law judges in agencies whose heads enjoy for-cause removal protection.

*Jarkesy* Cert. Petition at I. The Supreme Court granted the Solicitor General's Petition on June 30, 2023, *see* 2023 WL 4278448, and it will hear argument on all three of the questions above during its upcoming October 2023 Term.

### B.     Proceedings in this Case.

This case is about an in-house enforcement proceeding that the FDIC launched against Burgess in 2014. *See* ROA.28 (Compl. ¶ 60). In 2022, the ALJ

supervising that enforcement proceeding issued a decision sustaining certain of the FDIC's allegations against Burgess. The ALJ recommended that Burgess be removed from his bank-related offices, be prohibited from further participation in the banking industry, and be assessed a civil monetary penalty. ROA.584-585.

On October 6, 2022, Burgess filed a Complaint for declaratory and injunctive relief in the United States District Court for the Northern District of Texas. *See* ROA.12-51. The Complaint included three Counts. <u>First</u>, Burgess alleged that the FDIC is unconstitutionally structured because its appointed directors possess substantial executive authority, and yet the President cannot fire those directors at will. ROA.35-39 (Compl. ¶¶ 90-105). <u>Second</u>, Burgess alleged that the ALJs used by the FDIC are unconstitutionally shielded from removal. ROA.40-43 (Compl. ¶¶ 106-118). <u>Third</u>, Burgess alleged that the Enforcement Proceeding violated the Seventh Amendment. ROA.43-50 (Compl. ¶¶ 119-140).

On October 15, 2022, Burgess filed a motion for a preliminary injunction. ROA.129-176. On November 6, 2022, the District Court entered an Order granting the preliminary-injunction motion in part. ROA.328-351; *see* ROA.680-683. With respect to Counts 1 and 2, the District Court concluded that Burgess's "claims that the FDIC Board structure and the double removal protections afforded FDIC ALJs are unconstitutional **have merit**," but denied an injunction because it found that Burgess was "unlikely to succeed on the merits of the remedy on his first two

claims." ROA.344 (emphasis added). As to Count 3, the District Court concluded that Burgess had "shown a substantial likelihood of success on the merits of his claim that the FDIC violated [his] Seventh Amendment right to a jury trial," and therefore held that an injunction was appropriate as to that issue only. ROA.349; *see* ROA.351. The District Court's holding on the Seventh Amendment issue was expressly premised on this Court's decision in *Jarkesy*. ROA.346-349, ROA.682.

The government appealed the grant of a preliminary injunction as to Count 3, and Burgess cross-appealed the denial of an injunction as to Counts 1 and 2.

On December 8, 2023 the government filed a motion to summarily reverse the District Court's ruling based on its contention that the District Court purportedly lacked subject-matter jurisdiction. ECF 12. Burgess filed an opposition to the government's motion (ECF 29), and the government filed a reply (ECF 30).

On January 13, 2023, Burgess filed a motion to stay the merits briefing schedule in this case pending (1) disposition of the government's summary-reversal motion, (2) the potential issuance of an indicative ruling from the District Court on Burgess's then-pending motion for reconsideration of the partial denial of the preliminary injunction, and (3) the government's decision on whether to seek certiorari in *Jarkesy*. ECF 41. The government filed an opposition. ECF 53.

On January 18, 2023, this Court entered separate orders carrying the government's motion for summary reversal with the case (ECF 54-2) and denying

Burgess's motion to stay the briefing schedule (ECF 55). The parties then proceeded to file their merits briefs, which discussed *Jarkesy* at great length. *See supra* note 1. This case is currently fully briefed, but has not yet been set for oral argument.

## LEGAL STANDARD

This Court has discretion to "stay further proceedings in appeals" when good cause for that relief is shown. Fifth Circuit R. 27.1.3; *see id.* R. 34.6 (cases may be continued for "good cause shown").[2] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering motions to place appeals into abeyance, this Court "weigh[s] competing interests and maintain[s] an even balance," *id.*, and will consider factors such as "judicial economy" and whether a stay would "serve the parties' interests," *Robinson v. Ardoin*, 37 F.4th 208, 231 (5th Cir. 2022) (per curiam). In recent years, this Court has placed appeals into abeyance pending disposition of a related Supreme Court case on dozens of occasions.[3]

---

[2] *Accord United States v. Cluck*, No. 98-50440, 1999 WL 642876, at *1 (5th Cir. July 27, 1999) (per curiam) (motions governing timing of appeal subject to "good cause" standard); Fed. R. App. P. 26(b) (motions to extend governed by "good cause" standard); Fifth Circuit R. 42.4 (discussing motions for "stay[s] . . . pending . . . a decision of the Supreme Court").

[3] *See, e.g.*, Order, *United States v. Marrufo*, No. 22-50956 (5th Cir. May 18, 2023), ECF 66-2; Order, *Heston v. Austin Indep. Sch. Dist.*, No. 22-50295 (5th Cir. Mar. 17, 2023), ECF 59-2; Order, *Boudreaux v. Schlumberger Tech. Corp.*, No. 22-30819 (5th Cir. Feb. 17, 2023), ECF 27-2 (opposed motion); Order, *Brown v. U.S. Dep't of*

# **ARGUMENT**

## I.    **An Abeyance Pending the Supreme Court's Disposition of *Jarkesy* Would Promote the Interests of Judicial Economy.**

Placing this case into abeyance pending disposition of *Jarkesy* would promote judicial economy by conserving the scarce resources of the parties and the Court.

As to Count 3, the District Court explicitly held that, "in accordance with *Jarkesy*" and pursuant to an analysis that "mirror[ed] that in *Jarkesy*," Burgess was entitled to a preliminary injunction on the Seventh Amendment issue.  ROA.682, ROA.347.  It would make little sense for this Court to review that ruling now, given that the Supreme Court is poised to provide new guidance on how the Seventh Amendment applies in the context of administrative enforcement proceedings. *Jarkesy* will be the first case to have addressed that issue in more than three decades. *Cf. Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).   Burgess therefore respectfully suggests that the most prudent course is to await the Supreme Court's

---

*Educ.*, No. 22-11115 (5th Cir. Dec. 2, 2022), Doc. 00516564899; Order, *Venable v. Smith Int'l, Inc.*, No. 22-30227 (5th Cir. July 5, 2022), Doc. 00516381881 (opposed motion); *DeOtte v. Nevada*, 20 F.4th 1055, 1063 (5th Cir. 2021); Order, *De Souza v. Garland*, No. 20-60931 (5th Cir. Dec. 10, 2020), ECF 23-2; Order, *Whole Woman's Health v. Phillips*, No. 18-50730 (5th Cir. Oct. 7, 2019), Doc. 00515148396 (per curiam); Order, *Whole Woman's Health v. Paxton*, No. 17-51060 (5th Cir. Mar. 13, 2019), Doc. 00514871170 (per curiam); *Bank of Louisiana v. FDIC*, 919 F.3d 916, 921 (5th Cir. 2019); *Cardenas v. Stephens*, 820 F.3d 197, 200 (5th Cir. 2016); *Villatoro-Avila v. Holder*, 622 F. App'x 451, 452 (5th Cir. 2015) (per curiam); *United States v. Arteaga*, 436 F. App'x 343, 350 (5th Cir. 2011); *Rodriguez v. City of Houston*, 428 F. App'x 367, 368 (5th Cir. 2011) (per curiam); *Henderson v. Thaler*, 626 F.3d 773, 777 (5th Cir. 2010).

*Jarkesy* opinion, and then have the parties submit supplemental briefs on the import of that opinion vis-à-vis this case. In prior cases in a similar posture, this Court and others have often done exactly that.[4]

As to Count 2, the District Court held that Burgess's challenge to the for-cause removal protections for the ALJs used by the FDIC "ha[s] merit." ROA.344. That holding was likewise premised on *Jarkesy*. *See Jarkesy*, 34 F.4th at 465 (holding that the "statutory removal restrictions" for "SEC ALJs" are "unconstitutional"); *see also* Burgess Principal and Response Br. 52-53. Thus, the disposition of the third question presented in *Jarkesy* may also affect the ultimate outcome of this case.[5]

---

[4] *See, e.g.*, *Whole Woman's Health v. Paxton*, 978 F.3d 896, 902 n.4 (2020), *on reh'g on other grounds*, 10 F.4th 430 (5th Cir. 2021) (en banc); *Henderson*, 626 F.3d at 777; *In re Grand Jury Proc., Miscellaneous No. 1331*, 712 F.2d 973, 974 (5th Cir. 1983) (per curiam); *United States v. $23,407.69 in U.S. Currency*, 715 F.2d 162, 164 (5th Cir. 1983); *see also supra* note 3; *Brown v. Perry*, 184 F.3d 388, 394 (4th Cir. 1999) (in case where Supreme Court had granted certiorari in a case that "could clarify or even change the governing legal principles," court of appeals elected to hold appeal "in abeyance pending the issuance of those decisions" and then asked the parties to "submit[] supplemental briefs" after the Supreme Court had issued its decision).

[5] The District Court ultimately denied an injunction as to Count 2 based on its view that, in order "to obtain a remedy, [Burgess] must demonstrate not only that the removal restriction violates the Constitution, but also that the unconstitutional removal provision inflicted harm." ROA.344 (internal quotation marks omitted). Burgess's cross-appeal challenges the District Court's holding that a showing of "compensable harm" is required. *See* Burgess Principal and Response Br. 53-60; *see also Consumers' Rsch. v. Consumer Prod. Safety Comm'n*, 592 F. Supp. 3d 568, 587 (E.D. Tex. 2022), *appeal docketed*, No. 22-40328 (5th Cir. May 18, 2022) (pending appeal argued March 6, 2023 that directly implicates Burgess's arguments concerning removability defects and the need to show a "compensable harm" to

If this Court were to deny an abeyance and proceed to hear oral argument and decide this case, then it would likely issue its decision **before** the Supreme Court decides *Jarkesy*.  The Court may then find itself in the position of needing to withdraw its opinion, request supplemental briefing regarding the import of *Jarkesy*, hold a new argument, and issue a new opinion.  All of that work could be avoided if this Court instead places this appeal into abeyance pending a decision in *Jarkesy*.

If this Court issues its opinion and then 90 or more days pass before the Supreme Court decides *Jarkesy*, then whichever party has lost in this Court would almost certainly file a petition for a writ of certiorari.  That petition, in turn, would likely be "held" by the Supreme Court pending disposition of *Jarkesy*.  After *Jarkesy* is decided, the Supreme Court may well grant the petition, vacate this Court's opinion, and remand for further consideration in light of *Jarkesy*.  *See, e.g.*, *Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001) (vacating and remanding appropriate when "'intervening developments' . . . may affect the outcome of the litigation"); *Lawrence ex rel. Lawrence v. Chater*, 516 U.S. 163, 167 (1996) (per curiam) (similar; granting certiorari, vacating court of appeals' decision, and remanding

---

secure relief for same); Burgess Reply Br. 23 & n.11 (discussing *Consumers' Research*).  If this Court agrees with Burgess that no showing of "compensable harm" is required, then it will be required to reach the ultimate merits issue at the core of Count 2—*i.e.*, whether dual for-cause removal protections for ALJs are constitutional.  The Supreme Court will decide that very question in *Jarkesy*.

11

"appropriate" when there is a "reasonable probability" that court of appeals would give "further consideration" to the case based on an intervening Supreme Court decision). The case would then arrive back at this Court for further litigation, potentially creating the need for new briefs, a new argument, a new opinion, and a new process for rehearing en banc and potential Supreme Court review. Instead of having the parties and the Court spend unnecessary time and money navigating that process, this Court should instead place this case into abeyance.[6]

## II. The Presence of a Contested Jurisdictional Issue Does Not Obviate the Need for an Abeyance.

Based on the parties' conference prior to the submission of this motion, Burgess understands that the government opposes an abeyance pending *Jarkesy* because it believes this appeal should be resolved on jurisdictional grounds. *Cf.* ECF 53 at 9-11. There are several problems with that argument.

First, this Court has already declined to grant the government's motion for summary reversal on jurisdictional grounds. ECF 54-2. That decision—made after

---

[6] Placing this case into abeyance will also have another benefit: At present, there is another case pending in the Supreme Court that may also ultimately affect the outcome of this appeal. *See CFPB v. Community Fin. Servs. Ass'n of Am., Ltd.*, No. 22-448 (U.S.) (pending case to be argued next Term that may implicate certain remedial issues relevant to Counts 1 and 2 of Burgess's Complaint). An abeyance pending disposition of *Jarkesy* would potentially allow the *Community Financial* case to be decided before this one, thus permitting this Court to draw guidance from the Supreme Court's decision there as well.

consideration of some 55 pages of briefing during motions practice—indicates, at the very least, that the government is not obviously correct as to jurisdiction; were it otherwise, the motion for summary reversal would likely have been granted. As Burgess has explained, the District Court's order rejecting the government's flawed jurisdictional argument should be affirmed. *See* Burgess Principal and Response Br. 17-36; Reply Br. 4-16. It is therefore at least probable (if not likely) that this Court will be required to reach the merits after rejecting the government's jurisdictional theories.

Second, abeyance is appropriate notwithstanding the presence of a jurisdictional issue that is unrelated to *Jarkesy*. This Court has not hesitated to issue abeyances pending the Supreme Court's disposition of merits-related issues, even when a separate jurisdictional issue is also present in the case.

*Bank of Louisiana v. FDIC* is particularly instructive. In that case, the Plaintiffs-Appellants sought to enjoin an FDIC enforcement proceeding, and the government argued that 12 U.S.C. § 1818(i) stripped the district court of jurisdiction to hear their claim. 919 F.3d at 923-30. That is the same argument the government is pressing in this case. *See* Gov't Opening Br. 20-38. After *Bank of Louisiana* was fully briefed but before argument was scheduled, this Court ordered the appeal placed into abeyance pending the Supreme Court's disposition of *Lucia v. SEC* (No. 17-130). *See* Letter of Advisement, *Bank of La. v. FDIC*, No. 17-30044 (5th Cir.

Feb. 6, 2018), ECF 89.  *Lucia* had nothing to do with the jurisdictional issue in *Bank of Louisiana*, and instead related solely to certain merits-based issues concerning the manner of appointment of ALJs.  138 S. Ct. 2044, 2049 (2018).

Although particularly on-point, *Bank of Louisiana* is hardly the only example of this Court placing an appeal into abeyance pending the Supreme Court's disposition of a granted case, despite the fact that there was also an unrelated jurisdictional issue in the stayed appeal.  This Court has often done so in the last few years.[7]  Those precedents confirm that an abeyance here would be both prudent and consistent with this Court's recent practice.

## III.   There Are No Material Differences Between the Statute at Issue in *Jarkesy* and the Statute at Issue in this Case.

The government has previously suggested that placing this case into abeyance pending *Jarkesy* would be inappropriate because *Jarkesy* will "not address the different and materially distinguishable statute and administrative review scheme that govern FDIC administrative proceedings."  ECF 53 at 10.  That is just a

---

[7] To name just one example, the *Boudreaux* case discussed in note 3 above was placed into abeyance pending the Supreme Court's disposition of a granted case related to a merits issue, even though that appeal also involved a separate jurisdictional issue that was **not** implicated by the relevant Supreme Court case.  *See* Br. of Plaintiffs-Appellants at 1 n.1, 13-18, *Boudreaux*, ECF 71-1 (June 14, 2023); *see also Guajardo v. Estelle*, 580 F.2d 748, 763 (5th Cir. 1978) (case held in abeyance pending disposition of related Supreme Court case concerning entitlement to attorney fees, even when the appeal involved a separate threshold issue concerning whether a three-judge court was necessary to resolve the case), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).

repackaging of the government's flawed merits theory. The District Court correctly held that this case is indistinguishable from *Jarkesy* vis-à-vis the Seventh Amendment issue. *See* ROA.349-350; ROA.682. And Burgess has explained at length that there is no material difference between the statute that governs SEC enforcement proceedings and the statute that governs FDIC enforcement proceedings. *See* Burgess Principal and Response Br. 44-45. In order to deny an abeyance based on the government's theory that the Exchange Act (the statute at issue in *Jarkesy*) is different from the Federal Deposit Insurance Act (the statute at issue here), this Court would be required to wade into complex merits issues and render predictions about what the Supreme Court might hold in *Jarkesy*. The more prudent course of action is to defer that analysis until after the Supreme Court has decided *Jarkesy*, and then to evaluate the government's argument, if necessary, with the benefit of whatever guidance the Supreme Court elects to deliver on this issue.[8]

## IV.  Abeyance Would Cause No Prejudice to the Government.

In prior filings in this case, the government opposed a stay pending the Supreme Court's disposition of *Jarkesy* because "such a stay could ultimately [last]

---

[8] The government speculates that "*Jarkesy* **may not** resolve . . . what is before this Court" (ECF 53 at 10 (emphasis added)), but it does not dispute—and indeed cannot dispute—that *Jarkesy* **may** well do so. Neither of the parties can predict what the Supreme Court's opinion in *Jarkesy* will say. In the unlikely event that the Supreme Court holds that there is some special idiosyncrasy of the Exchange Act that renders that statute different from most others, then the government is of course free to bring that holding to this Court's attention during future briefing.

more than a year." ECF 53 at 9. But even assuming that the abeyance were to last until the end of the Supreme Court's Term in June 2024 instead of just a few months,[9] that alone would not be grounds for denying relief. That an abeyance might be lengthy is irrelevant unless a party can show that it would suffer some prejudice as a result of the delay. And here the government can make no such showing.

At the District Court, the government argued halfheartedly that it desired to resume the enforcement proceeding as soon as possible, because the FDIC has an interest in "enforcing the federal banking laws and regulations." ROA.271. Assuming that a generalized interest of this type can even serve as a plausible basis for claiming prejudice, whatever harm the government might suffer from being unable to continue the enforcement proceeding until after *Jarkesy* is decided pales in comparison to the harms that Burgess will immediately suffer if (1) this Court were to allow the enforcement proceeding to continue and (2) its opinion was then undermined by the Supreme Court's ruling in *Jarkesy*. *See* Burgess Principal and Response Br. 46-50 (discussing irreparable harms posed to Burgess by the enforcement proceeding); ROA.178-182 (Burgess Declaration concerning same).

---

[9] Given that *Jarkesy* was granted before the Supreme Court's summer recess, it will be among the earlier argued during the Court's October 2023 Term. In recent years, the Supreme Court has issued opinions in argued cases as early as November, *see Mississippi v. Tennessee*, 142 S. Ct. 31 (2021), meaning that an abeyance pending *Jarkesy* could ultimately be limited to just a few months.

## CONCLUSION

**WHEREFORE**, Mr. Burgess respectfully requests that the Court place this

appeal into abeyance pending the Supreme Court's disposition of *SEC v. Jarkesy*.

Dated:  July 6, 2023

Respectfully submitted,

*/s/ Manuel G. Berrelez*

Manuel G. Berrelez
   *Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

Michael A. Heidler
VINSON & ELKINS LLP
200 West 6th Street
Suite 2500
Austin, TX 78701
Phone: (512) 542-8400
Facsimile: (512) 542-8612
Email: mheidler@velaw.com

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6507
Facsimile: (202) 639-6500
Email: jamesdawson@velaw.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*

17

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on July 6, 2023, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.


Dated:  July 6, 2023            */s/ Manuel G. Berrelez*
                                Manuel G. Berrelez
                                    *Attorney of Record*
                                VINSON & ELKINS LLP
                                Trammell Crow Center
                                2001 Ross Avenue, Suite 3900
                                Dallas, Texas 77002
                                Phone: (214) 220-7700
                                Facsimile: (214) 220-7716
                                Email: mberrelez@velaw.com

                                *Counsel for Appellee/Cross-Appellant*
                                *Cornelius Campbell Burgess*

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,361 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f).

2.    This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.


Dated:  July 6, 2023                      */s/ Manuel G. Berrelez*
                                          Manuel G. Berrelez
                                              *Attorney of Record*
                                          VINSON & ELKINS LLP
                                          Trammell Crow Center
                                          2001 Ross Avenue, Suite 3900
                                          Dallas, Texas 77002
                                          Phone: (214) 220-7700
                                          Facsimile: (214) 220-7716
                                          Email: mberrelez@velaw.com

                                          *Counsel for Appellee/Cross-Appellant*
                                          *Cornelius Campbell Burgess*

19

## **CERTIFICATE OF CONFERENCE**

I certify that, on July 3, 2023, I emailed Joseph Brooks, counsel for Appellants/Cross-Appellees, to ascertain his clients' position on the relief requested in this motion.  On July 5, 2023, Mr. Brooks informed me via email that Appellants/Cross-Appellees are opposed to the relief sought in this motion.

Dated:  July 6, 2023

*/s/ Manuel G. Berrelez*
Manuel G. Berrelez
   *Attorney of Record*
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 77002
Phone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mberrelez@velaw.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*