Case No. 22-11172

_____

# United States Court of Appeals for the Fifth Circuit

_____

## CORNELIUS CAMPBELL BURGESS,

*Appellee/Cross-Appellant,*

— v. —

JENNIFER WHANG, IN HER OFFICIAL CAPACITY AS AN ADMINISTRATIVE LAW JUDGE; FEDERAL DEPOSIT INSURANCE CORPORATION; MARTIN J. GRUENBERG, IN HIS OFFICIAL CAPACITY AS ACTING CHAIRMAN OF THE FDIC; MICHAEL J. HSU, IN HIS OFFICIAL CAPACITY AS A DIRECTOR OF THE FDIC; ROHIT CHOPRA, IN HIS OFFICIAL CAPACITY AS A DIRECTOR OF THE FDIC,

*Appellants/Cross-Appellees.*

_____

On Appeal From The United States District Court For The Northern District Of Texas (Wichita Falls Division), No. 7:22-cv-00100-O, Hon. Reed O'Connor

_____

**APPELLANTS/CROSS-APPELLEES' MOTION TO LIFT STAY, ASSIGN THIS APPEAL TO BE HEARD BY THE SAME PANEL AS *ORTEGA v. OCC*, NO. 23-60617, AND SET SUPPLEMENTAL BRIEFING SCHEDULE**

_____

B. AMON JAMES
Assistant General Counsel
J. SCOTT WATSON
Senior Counsel
JOSEPH BROOKS
Counsel
FEDERAL DEPOSIT INSURANCE
  CORPORATION
3501 Fairfax Drive, Room VS-D-7010
Arlington, VA 22226
Tel: (703) 562-2054 | Fax: (703) 562-2469

September 12, 2024

*Counsel for Appellants/Cross-Appellees*

## CERTIFICATE OF INTERESTED PERSONS

Appellants/Cross-Appellees (FDIC Appellants) are not required to provide a certificate of interested persons under 5th Cir. R. 28.2.1, as the Federal Deposit Insurance Corporation (FDIC) is a federal agency established under 12 U.S.C. § 1811 and all other appellants/cross-appellees are individuals acting in their official governmental capacities.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.......................................................i

I.  INTRODUCTION...................................................................................1

II.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY.................2

III.  ARGUMENT.......................................................................................4

    A.  This Court Should Lift the Stay........................................................4

    B.  This Court Should Assign This Case to the Same Panel as *Ortega v. OCC*, No. 23-60617....................................................................7

    C.  This Court Should Set a Schedule for Supplemental Briefing.................8

IV.  CONCLUSION...................................................................................10

CERTIFICATE OF SERVICE.................................................................11

CERTIFICATE OF COMPLIANCE.........................................................12

CERTIFICATE OF CONFERENCE........................................................13

# I. INTRODUCTION

Twenty-one months ago, the district court preliminarily enjoined FDIC Appellants from continuing an on-going administrative enforcement proceeding against Appellee/Cross-Appellant Burgess. The next day, FDIC Appellants noticed this appeal. And as of June 5, 2023, this case was fully briefed. On July 17, 2023, however, this Court stayed all further proceedings pending the United States Supreme Court's disposition of a petition for a writ of certiorari in *SEC v. Jarkesy* (No. 22-859). More than eleven months later—on June 27, 2024—the Supreme Court issued its final decision in that case. *See SEC v. Jarkesy*, 144 S.Ct. 2117 (2024). FDIC Appellants now move this Court to lift the stay and allow this appeal to proceed.

In addition, FDIC Appellants request that this appeal be assigned to be heard by the same panel as *Ortega v. OCC*, No. 23-60617—a case that (1) is listed as a "related" case on the docket sheet for this appeal, (2) raises the same issue under the same statute, and (3) was also stayed by this Court pending the Supreme Court's disposition of *Jarkesy*. This Court lifted the stay in *Ortega* on August 15, 2024.

Finally, FDIC Appellants request that this Court enter an order setting a schedule for supplemental briefing addressing the Supreme Court's *Jarkesy* decision and any other developments or case law that would have been appropriate for Rule 28(j) letters over the past year had this case not been in abeyance.

## II.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY

1. Burgess is a former bank president and CEO and the respondent in an on-going FDIC administrative enforcement proceeding.[1]

2. Under the governing statute, following completion of an administrative enforcement proceeding a respondent may seek review of any final FDIC Board order in the appropriate court of appeals of the United States.[2]

3. On September 16, 2022, FDIC Appellant Whang—an administrative law judge (ALJ)—issued a recommended decision recommending that Burgess be removed from his bank-related offices, prohibited from further participation in the banking industry, and assessed a civil money penalty of $200,000.[3]

4. On October 6, 2022—before the FDIC Board took any action—Burgess filed this district-court lawsuit against the FDIC, the presiding ALJ, and the three then-serving FDIC Board members.[4] The Complaint asserted three claims for declaratory and injunctive relief alleging that: (1) the FDIC Board is unconstitutionally structured; (2) FDIC ALJs are unconstitutionally shielded from removal; and (3) Burgess has been unconstitutionally denied his claimed right to a jury trial.[5]

---

[1] ROA.13-14.

[2] *See* 12 U.S.C. § 1818(h).

[3] ROA.30.

[4] ROA.12.

[5] ROA.35-50.

5. On December 1, 2022, the district court entered a preliminary injunction order that prevents FDIC Appellants from "continuing the [e]nforcement [p]roceeding [against Burgess] in any way."[6] In support of that order, the court ruled that Burgess is likely to succeed on the merits of his jury-trial claim, but not on either of his other two claims.[7] On the next day—December 2, 2022—FDIC Appellants noticed their appeal to this Court from the preliminary injunction order.[8]

6. FDIC Appellants' appeal presents three issues: (1) whether 12 U.S.C. § 1818(i) stripped the district court of subject-matter jurisdiction to enjoin an ongoing FDIC administrative enforcement proceeding; (2) whether the district court erred by ruling Burgess is likely to succeed on the merits of his jury-trial claim; and (3) whether the district court erred in ruling the irreparable-injury requirement for obtaining an injunction was "automatically satisfied" in this case as a matter of law.[9]

7. On January 4, 2023, Burgess noticed his cross-appeal from the same preliminary injunction order.[10]

8. Burgess's cross-appeal presents two issues: whether the district court erred in denying a preliminary injunction (1) on his claim that FDIC ALJs enjoy an un-

---

[6] ROA.680, 683.

[7] ROA.344-49.

[8] ROA.684-86.

[9] Opening Brief of Appellants/Cross-Appellees (FDIC Br.) 6-7.

[10] Document: 31 at 1-3.

constitutional level of protection from removal and (2) on his claim that the FDIC Board is unconstitutionally structured.[11]

9. Merits briefing of this appeal was completed on June 5, 2023.[12]

10. On July 17, 2023, this Court "stay[ed] further proceedings in this [C]ourt pending the United States Supreme Court's disposition of the [then] recently granted petition for a writ of certiorari in *SEC v. Jarkesy* (No. 22-859)."[13]

11. On June 27, 2024, the Supreme Court issued its final decision in *SEC v. Jarkesy*.[14]

## III.  ARGUMENT

### A.  This Court Should Lift The Stay.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Nevertheless, "discretion is abused by a stay of indefinite duration in the absence of a pressing need." *Id.* The pressing need for the stay at issue here was to allow the Supreme Court to resolve *SEC v. Jarkesy*. As the Supreme Court has now entered a final decision in that case, the stay should be lifted.

---

[11] Principal and Response Brief of Appellee/Cross-Appellant Cornelius Campbell Burgess (Burgess Br.) 6.

[12] Document: 101.

[13] Document: 143.

[14] 144 S.Ct. 2117 (2024).

This is especially so given that this Court has already lifted the stay it entered to address the same pressing need in *Ortega v. OCC*, No. 22-60617—a case listed as a "related case" on this Court's docket sheet for this case. The petitioners in *Ortega* were respondents to an Office of the Comptroller of the Currency (OCC) administrative enforcement proceeding. They sought a stay of their direct appeal to this Court pending disposition of *Jarkesy* while noting that *Ortega* involves the same right-to-a-jury-trial issue as this case because the OCC and the FDIC conduct administrative enforcement proceedings under the same statute.[15] This Court granted the motion and entered an order "stay[ing] further proceedings in this [C]ourt pending resolution of *SEC v. Jarkesy*, No. 22-859."[16] And, as noted above, on August 15, 2024, this Court lifted the stay in *Ortega v. OCC* and ordered briefing in that case to resume.[17] This Court should do the same thing here.

FDIC Appellants note that there is a second case listed as a related case on this Court's docket sheet for this case: *Moats v. NCUAB*, No. 24-40259. *Moats* involves a second issue that is also involved in this case (but not in *Ortega*)—namely, whether district courts lack subject-matter jurisdiction to enjoin an ongoing administrative enforcement proceeding. As the defendant in *Moats* explained to this Court, "[b]oth appeals concern substantially similar statutory text limiting courts' authority

---

[15] *See* Petitioner's Motion to Abate Case or Extend Briefing Deadlines Pending Disposition of *SEC v. Jarkesy* 4-5, Document: 17-1, *Ortega v. OCC*, No. 23-60617 (5th Cir. Jan. 18, 2024).

[16] Order at 1, Document: 28-2, *Ortega v. OCC*, No. 23-60617 (5th Cir. Feb. 2, 2024).

[17] Order, Document: 36, *Ortega v. OCC*, No. 23-60617 (5th Cir. Aug. 15, 2024).

to enjoin certain administrative enforcement proceedings."[18] And for that reason, this Court granted the NCUAB's motion to have this case and *Moats* assigned to the same panel.[19]

A problem appears to have arisen, however, due to the failure of the plaintiff in *Moats* to perfect his appeal. The district court's docket sheet for *Moats* shows that, after a final judgment was entered on April 9, 2024 (ECF 39), Moats filed a motion to amend the court's memorandum order and dismissal order on April 11, 2024 (ECF 40).[20] Six days later, on April 17, 2024 (ECF 41), Moats filed his notice of appeal—even though the NCUAB had not responded to Moats' motion to amend the court's order and judgment and the district court had not acted on that motion.[21] Nearly four months later, on August 8, 2024 (ECF 44), the NCUAB filed a notice of non-opposition to the motion.[22] That effort, however, did not correct the problem. Rather, as of this date nothing further has happened in the district court and the docket sheet describes the case's status as "APPEAL, CLOSED."

As the Supreme Court admonished in *Landis*, "discretion is abused by a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255.

---

[18] Unopposed Motion for This Appeal to be Heard By the Same Panel Ultimately Assigned to *Burgess v. FDIC*, No. 22-11172 (5th Cir.) 3, *Moats v. NCUAB*, No. 24-40259, Document: 21 (5th Cir. May 30, 2024).

[19] *See* Order at 1, Document: 29-2, *Moats v. NCUAB*, No. 24-40259 (5th Cir. May 30, 2024).

[20] *See* Exhibit A hereto at 7.

[21] *Id.*

[22] *Id.*

Insofar as *this* case is concerned, the pressing need for a stay was resolved by the Supreme Court's final decision in *Jarkesy*. Simply stated, there is no pressing need in *this* case that supports continuation of a stay of indefinite duration. Quite the opposite. Given the more than one-year perod that has elapsed since the stay was entered during which a hotly contested preliminary injunction has remained in place, there is a pressing need to resume this appeal. Moreover, the failure of a plaintiff in *some other case* to perfect his appeal does not constitute a pressing need for a stay of unlimited duration in *this* case.

For all of these reasons, we respectfully submit that the stay should be lifted.

**B. This Court Should Assign This Case to the Same Panel as *Ortega v. OCC*.**

This case and *Ortega v. OCC* present the same issue—whether a respondent in an administrative enforcement proceeding is entitled to a jury trial. What is more, in both cases that issue arises under the same statute—12 U.S.C. § 1818. In addition, in both cases the administrative proceedings at issue were presided over by the same ALJ. It follows that this Court's analysis and disposition of *Ortega* and this case will be aided by considering these two appeals together.

This Court and other courts of appeals have often assigned cases presenting the same or substantially similar issues to a single panel for argument and disposition. Indeed, as discussed above, this Court has already done so with respect to *Moats* and this case. *See also, e.g.,* Order, *Gonzalez v. Duane*, No. 21-11258 (5th

Cir. Nov. 28, 2022) (consolidating appeals raising similar issues "for oral argument");
Order, *Micula v. Government of Romania*, No. 23-7008 (D.C. Cir. Sept. 8, 2023)
(scheduling appeal to be argued the same day as other appeals presenting similar is-
sues of immunity for foreign sovereigns); Order, *Blumberger v. Tilley*, No. 22-56032
(9th Cir. Nov. 2, 2023) (consolidating appeal "for purposes of hearing oral argu-
ment" with another case raising similar issues of jurisdiction and removal to federal
court); Order, *Hernandez-Lara v. Lyons*, No. 19-2019 (1st Cir. Apr. 28, 2020)
(scheduling appeal to be argued the same day as other cases presenting similar im-
migration issues). That disposition is appropriate here.

In the interests of economy of time and effort for this Court, counsel, and all
parties involved, this case, *Ortega*, and *Moats* ideally should be assigned to the same
panel. However, taking into account these same interests, as well as fundamental
fairness, neither this case nor *Ortega* should be delayed indefinitely due to the ap-
parent failure of the plaintiff in *Moats* to perfect his appeal. Accordingly, FDIC Ap-
pellants respectfully request that the stay of this case be lifted immediately and that
this case be assigned to the same panel as *Ortega*—even if that would require that this
case and *Moats* could no longer be assigned to the same panel.

### C.  This Court Should Set a Schedule for Supplemental Briefing.

In a recent case involving a similar instance where an appeal before this Court
was stayed for more than eleven months pending the Supreme Court's disposition of

a petition for a writ of certiorari, upon lifting the stay this Court directed the parties to file supplemental briefs addressing both an interim case decided by the Supreme Court as well as other developments and case law. Specifically, this Court ordered the following supplemental briefing:

> [T]he [C]ourt requests that the parties file supplemental briefs addressing the Supreme Court's June 8, 2023, decision in No. 21-1086, Allen v. Milligan, and any other developments or case-law that would have been appropriate for Rule 28(j) letters over the past year had the case not been in abeyance. The appellants' brief is due 40 days from this date. The appellees' brief is due 30 days after the appellants' brief has been filed. The appellants may file a reply brief 21 days after the appellees' briefs have been filed.

Memorandum to Counsel or Parties, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. June 28, 2023) (copy attached as Exhibit B hereto). We request that this Court order the same supplemental briefing here addressing the Supreme Court's decision in *SEC v Jarkesy* as well as other developments or case law that would have been appropriate for Rule 28(j) letters over the past year had this case not been in abeyance.

Indeed, the need for such supplemental briefing is especially acute in this appeal, as there have been significant cases decided that address each of the issues presented by this appeal while the current stay has been in place for the past fourteen months. Accordingly, this Court's disposition of this case would be aided by such supplemental briefing.

## IV.  CONCLUSION

For the reasons discussed above, FDIC Appellants request that this Court lift the stay, assign this appeal to be heard and disposed of by the same panel as *Ortega v. OCC*, No. 23-60617, and direct the parties to file supplemental briefs addressing the Supreme Court's decision in *SEC v. Jarkesy* and any other developments or case law that would have been appropriate for Rule 28(j) letters over the past year had this case not been in abeyance.

Dated: September 12, 2024

Respectfully submitted,
B. Amon James
Assistant General Counsel
J. Scott Watson
Senior Counsel

s/Joseph Brooks
Joseph Brooks
Counsel
FEDERAL DEPOSIT INSURANCE
  CORPORATION
3501 Fairfax Drive, Room D-7010
Arlington, VA 22226
Tel: (703) 562-2054
Fax: (703) 562-2496

*Counsel for Appellants/Cross-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been filed by electronic case filing and served on counsel of record through the Court's Notice of Docket Activity on this 12th day of September 2024.

s/Joseph Brooks
Joseph Brooks

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion complies with the length limits of Fed. R. App. P.  27(d)(2)(A) because it contains 2,265 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

Undersigned counsel further certifies that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced 14-point (12-point for footnotes) Baskerville Old Face typeface using Microsoft Word 2016.

s/Joseph Brooks
Joseph Brooks
*Counsel for Appellants/Cross-Appellees*

Dated:  September 12, 2024

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Manuel G. Berrelez, counsel for Appellee/ Cross-Appellant Cornelius Campbell Burgess, who informed me that, while counsel for the parties are still conferring and may yet reach agreement, Burgess will respond to this motion separately.

<u>s/Joseph Brooks</u>
Joseph Brooks

*Counsel for Appellants/Cross-Appellees*

# EXHIBIT A

Query     Reports     Utilities     Help     Log Out

APPEAL,CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Galveston)
## CIVIL DOCKET FOR CASE #: 3:23-cv-00147

Moats v. National Credit Union Administration Board et al          Date Filed: 05/15/2023
Assigned to: Judge Jeffrey V Brown                                Date Terminated: 04/09/2024
Cause: 42:1983 Civil Rights Act                                   Jury Demand: Plaintiff
                                                                  Nature of Suit: 440 Civil Rights: Other
                                                                  Jurisdiction: Federal Question

**Plaintiff**

**Jeffrey Moats**                          represented by     **Aditya Dynar**
                                                            Pacific Legal Foundation
                                                            3100 Clarendon Blvd
                                                            Ste 1000
                                                            Arlington, VA 22201
                                                            916-419-7111
                                                            Email: adynar@pacificlegal.org
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joe M Roden**
                                                            Rusty Hardin and Associates PC
                                                            1401 McKinney St
                                                            Ste 2250
                                                            Houston, TX 77010
                                                            713-652-9000
                                                            Email: jroden@rustyhardin.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John MacVane**
                                                            MacVane LLP
                                                            The Esperson Building
                                                            808 Travis
                                                            77002, Suite 100
                                                            Houston, TX 77002
                                                            713-489-2935
                                                            Email: john.macvane@macvanellp.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Molly Nixon**
                                                            Pacific Legal Foundation
                                                            3100 Clarendon Blvd.
                                                            Suite 1000
                                                            Arlington, VA 22201
                                                            516-729-0750

Email: MNixon@pacificlegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Terry D. Kernell**
Rusty Hardin & Associates, LLP
1401 McKinney Street
Suite 2250
Houston, TX 77010
713-652-9000
Email: tkernell@rustyhardin.com
*ATTORNEY TO BE NOTICED*

**Russell Hardin , Jr**
Rusty Hardin and Associates
1401 McKinney
Ste 2250
Houston, TX 77010
713-652-9000
Fax: 713-652-9800
Email: rhardin@rustyhardin.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Credit Union Administration Board**
*A Federal Administrative Agency*

represented by

**Appellate Division**
U.S. Attorney's Office
Southern District of Texas
1000 Louisiana
Ste 2300
Houston, TX 77002
Email: usatxs.appellate@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Lewis**
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Ste 12212
Washington, DC 20530
202-353-0533
Email: john.t.lewis.iii@usdoj.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kuntal Cholera**
DOJ-Civ
1100 L St NW
Suite 12306
Washington, DC 20001

202-662-5134
Email: kuntal.cholera@usdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd M. Harper**
*In their official capacity as Members of the*
*National Credit Union Administration*
*Board*

represented by   **Appellate Division**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kuntal Cholera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kyle S. Hauptman**
*In their official capacity as Members of the*
*National Credit Union Administration*
*Board*

represented by   **Appellate Division**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kuntal Cholera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rodney E. Hood**
*In their official capacity as Members of the*
*National Credit Union Administration*
*Board*

represented by   **Appellate Division**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kuntal Cholera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Whang**
*In her official capacity as an Administrative Law Judge and Inferior Officer of the United States*

represented by **Appellate Division**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kuntal Cholera**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2023 | 1 | COMPLAINT against Jeffrey Moats (Filing fee $ 402 receipt number ATXSDC-29920679) filed by Jeffrey Moats. (Attachments: # 1 Exhibit 1, # 2 Civil Cover Sheet)(Hardin, Russell) (Entered: 05/15/2023) |
| 05/16/2023 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 8/23/2023 at 09:00 AM by video before Magistrate Judge Andrew M Edison (Signed by Judge Jeffrey V Brown) Parties notified. (VanesaAranda, 3) (Entered: 05/16/2023) |
| 05/17/2023 | 3 | NOTICE of Appearance by Joe Roden on behalf of Jeffrey Moats, filed. (Roden, Joe) (Entered: 05/17/2023) |
| 05/17/2023 | 4 | Request for Issuance of Summons as to All Defendants, filed. (Attachments: # 1 Summons - Todd Harper, # 2 Summons - Kyle Hauptman, # 3 Summons - Rodney Hood, # 4 Summons - Jennifer Whang)(MacVane, John) (Entered: 05/17/2023) |
| 05/18/2023 | 5 | Summons Issued as to All Defendants. Issued summons delivered to plaintiff by NEF, filed.(VanesaAranda, 3) (Entered: 05/18/2023) |
| 05/18/2023 | 6 | Request for Issuance of Summons as to Jennifer Whang, filed.(MacVane, John) (Entered: 05/18/2023) |
| 05/19/2023 | 7 | Summons Issued as to Jennifer Whang. Issued summons delivered to plaintiff by NEF, filed.(VanesaAranda, 3) (Entered: 05/19/2023) |
| 05/25/2023 | 8 | RETURN of Service of SUMMONS Executed as to Jennifer Whang served on 5/25/2023, answer due 7/24/2023, filed. (Attachments: # 1 Appendix Return of Service_Jennifer Whang)(MacVane, John) (Entered: 05/25/2023) |
| 05/25/2023 | 9 | RETURN of Service of SUMMONS Executed as to Kyle S. Hauptman served on 5/25/2023, answer due 7/24/2023, filed.(MacVane, John) (Entered: 05/25/2023) |
| 05/25/2023 | 10 | RETURN of Service of SUMMONS Executed as to Rodney E. Hood served on 5/25/2023, answer due 7/24/2023, filed.(MacVane, John) (Entered: 05/25/2023) |
| 05/25/2023 | 11 | RETURN of Service of SUMMONS Executed as to Todd M. Harper served on 5/25/2023, answer due 7/24/2023, filed.(MacVane, John) (Entered: 05/25/2023) |

| 05/25/2023 | 12 | RETURN of Service of SUMMONS Executed as to National Credit Union Administration Board served on 5/25/2023, answer due 7/24/2023, filed.(MacVane, John) (Entered: 05/25/2023) |
|---|---|---|
| 05/30/2023 | 13 | CERTIFICATE OF INTERESTED PARTIES by Jeffrey Moats, filed.(MacVane, John) (Entered: 05/30/2023) |
| 05/30/2023 | 14 | NOTICE *of Related Cases* by Jeffrey Moats, filed. (MacVane, John) (Entered: 05/30/2023) |
| 07/03/2023 | 15 | MOTION for John T. Lewis to Appear Pro Hac Vice by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. Motion Docket Date 7/24/2023. (Lewis, John) (Entered: 07/03/2023) |
| 07/03/2023 | 16 | Joint MOTION for Briefing Schedule by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. Motion Docket Date 7/24/2023. (Attachments: # 1 Proposed Order)(Lewis, John) (Entered: 07/03/2023) |
| 07/10/2023 | 17 | ORDER granting in part and denying in part 16 Motion.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 07/10/2023) |
| 07/12/2023 | 18 | ORDER granting 15 Motion for John T. Lewis to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**. (Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 07/12/2023) |
| 07/12/2023 | 19 | MOTION for Molly E. Nixon to Appear Pro Hac Vice by Jeffrey Moats, filed. Motion Docket Date 8/2/2023. (Nixon, Molly) (Entered: 07/12/2023) |
| 07/13/2023 | 20 | ORDER granting 19 Motion for Molly E. Nixon to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 07/13/2023) |
| 07/18/2023 | 21 | MOTION for Aditya Dynar to Appear Pro Hac Vice by Jeffrey Moats, filed. Motion Docket Date 8/8/2023. (Dynar, Aditya) (Entered: 07/18/2023) |
| 08/04/2023 | 22 | STIPULATION by Jeffrey Moats, filed. (Attachments: # 1 Exhibit Exhibit A to Joint Stipulation)(Kernell, Terry) (Entered: 08/04/2023) |
| 08/07/2023 | 23 | ORDER granting 21 Motion for Aditya Dynar to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**. (Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 08/07/2023) |
| 08/11/2023 | 24 | Unopposed MOTION to Amend 1 Complaint by Jeffrey Moats, filed. Motion Docket Date 9/1/2023. (Attachments: # 1 Complaint Amended Complaint, # 2 Proposed Order)(Dynar, Aditya) (Entered: 08/11/2023) |
| 08/15/2023 | 25 | ORDER granting in part and denying in part 24 Motion to Amend.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Main Document 25 replaced on 8/23/2023) (GeorgeCardenas, 3). (Entered: 08/15/2023) |
| 08/15/2023 | 26 | First AMENDED COMPLAINT with JURY DEMAND against All Defendants filed by Jeffrey Moats. Related document: 1 Complaint filed by Jeffrey Moats.(Dynar, Aditya) (Entered: 08/15/2023) |

| 08/23/2023 | | Minute Entry for proceedings held before Magistrate Judge Andrew M Edison on August 23, 2023. Initial Conference held. Cross motions for summary judgment briefing already in place Appearances: Aditya Dynar Terry Kernell and Molly Nixon for Plaintiff, John Lewis for Defendant. (ERO: yes) (RubenCastro, 3) (Entered: 08/23/2023) |
| 09/08/2023 | [27] | MOTION for Summary Judgment by Jeffrey Moats, filed. Motion Docket Date 9/29/2023. (Dynar, Aditya) (Entered: 09/08/2023) |
| 10/06/2023 | [28] | Cross MOTION to Dismiss , Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment* ( Motion Docket Date 10/27/2023.) by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. (Lewis, John) (Entered: 10/06/2023) |
| 10/27/2023 | [29] | REPLY in Support of [27] MOTION for Summary Judgment , filed by Jeffrey Moats. (Dynar, Aditya) (Entered: 10/27/2023) |
| 11/17/2023 | [30] | REPLY in Support of [28] Cross MOTION to Dismiss Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment*, filed by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang. (Lewis, John) (Entered: 11/17/2023) |
| 12/01/2023 | [31] | NOTICE of Appearance by Kuntal Cholera on behalf of Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. (Cholera, Kuntal) (Entered: 12/01/2023) |
| 01/08/2024 | [32] | MOTION for Oral Hearing re: [28] Cross MOTION to Dismiss Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment*, [27] MOTION for Summary Judgment by Jeffrey Moats, filed. Motion Docket Date 1/29/2024. (Dynar, Aditya) (Entered: 01/08/2024) |
| 01/08/2024 | [33] | RESPONSE to [32] MOTION for Oral Hearing re: [28] Cross MOTION to Dismiss Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment*, [27] MOTION for Summary Judgment filed by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang. (Cholera, Kuntal) (Entered: 01/08/2024) |
| 01/08/2024 | [34] | MOTION to Appear Pro Hac Vice for Kuntal Virendra Cholera (Fee Exempt) by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. Motion Docket Date 1/29/2024. (Cholera, Kuntal) (Entered: 01/08/2024) |
| 01/09/2024 | [35] | ORDER granting [34] Motion for Kuntal Cholera to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 01/09/2024) |
| 02/02/2024 | [36] | NOTICE *of Supplemental Authority* by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. (Attachments: # [1] Exhibit Illumina v. FTC)(Lewis, John) (Entered: 02/02/2024) |
| 02/09/2024 | [37] | RESPONSE to [36] Notice (Other) *of Supplemental Authority*, filed by Jeffrey Moats. (Nixon, Molly) (Entered: 02/09/2024) |
| 04/09/2024 | [38] | MEMORANDUM OPINION AND ORDER [28] Cross MOTION to Dismiss Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment*, [32] MOTION for Oral Hearing re: [28] Cross MOTION to Dismiss Cross MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment*, [27] MOTION for Summary Judgment , [27] MOTION for Summary Judgment |

| | | |
|---|---|---|
| | | (Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Main Document 38 replaced on 4/16/2024) (GeorgeCardenas, 3). (Entered: 04/09/2024) |
| 04/09/2024 | [39](#) | FINAL JUDGMENT. Case terminated on 4/9/2024 (Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 04/09/2024) |
| 04/11/2024 | [40](#) | MOTION to Amend [38](#) Memorandum and Order,, [39](#) Order of Dismissal by Jeffrey Moats, filed. Motion Docket Date 5/2/2024. (Dynar, Aditya) (Entered: 04/11/2024) |
| 04/17/2024 | [41](#) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: [38](#) Memorandum and Order,, [39](#) Order of Dismissal by Jeffrey Moats (Filing fee $ 605, receipt number ATXSDC-31489203), filed. (Dynar, Aditya) (Entered: 04/17/2024) |
| 04/18/2024 | [42](#) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: [41](#) Notice of Appeal. Fee status: Paid. Reporter(s): ERO, filed. (Attachments: # [1](#) Notice of Appeal) (jmt1) (Entered: 04/18/2024) |
| 04/18/2024 | | Appeal Review Notes re: [41](#) Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid.The appellant is represented by counsel.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed. (jmt1) (Entered: 04/18/2024) |
| 04/23/2024 | [43](#) | DKT13 TRANSCRIPT ORDER REQUEST by Jeffrey Moats/Molly Nixon. No hearings This order form relates to the following: [41](#) Notice of Appeal, filed. (Nixon, Molly) (Entered: 04/23/2024) |
| 05/01/2024 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: [41](#) Notice of Appeal USCA No. 24-40259, filed. (jmt1) (Entered: 05/01/2024) |
| 05/01/2024 | | Electronic Access to Record on Appeal Provided re: [41](#) Notice of Appeal to Aditya Dynar, and Molly Nixon, counsel for Jeffrey Moats, and Joshua Marc Salzman, counsel for National Credit Union Administration Board, Harper, Todd M., Hauptman, Kyle S., Hood, Rodney E., Whang, Jennifer. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 24-40259), filed. (jmt1) (Entered: 05/01/2024) |
| 05/02/2024 | | Electronic Access to Record on Appeal Provided re: [41](#) Notice of Appeal to Daniel J. Aguilar for party(s) Appellee National Credit Union Administration Board Appellee Kyle S. Hauptman Appellee Rodney E. Hood Appellee Todd M. Harper. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 24-40259), filed. (jmt1) (Entered: 05/02/2024) |
| 08/08/2024 | [44](#) | NOTICE of Non-Opposition re: [40](#) MOTION to Amend [38](#) Memorandum and Order,, [39](#) Order of Dismissal by Todd M. Harper, Kyle S. Hauptman, Rodney E. Hood, National Credit Union Administration Board, Jennifer Whang, filed. (Lewis, John) (Entered: 08/08/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/09/2024 13:01:45 | | |
| **PACER Login:** | osephj13 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-00147 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

EXHIBIT B

# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 28, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 22-30333   Robinson v. Ardoin
                USDC No. 3:22-CV-211
                USDC No. 3:22-CV-214

The parties are requested to file letters by July 6, 2023
addressing whether this court should remand the appeal to allow
the district court to consider the new authority.

Also, the Court requests that the parties file supplemental briefs
addressing the Supreme Court's June 8, 2023, decision in No. 21-
1086, Allen v. Milligan, and any other developments or caselaw
that would have been appropriate for Rule 28(j) letters over the
past year had the case not been in abeyance. The appellants' brief
is due 40 days from this date. The appellees' brief is due 30 days
after the appellants' brief has been filed. The appellants may
file a reply brief 21 days after the appellees' briefs have been
filed.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Allison G. Lopez, Deputy Clerk
                504-310-7702

Mr. John Nelson Adcock
Ms. Leah Camille Aden
Ms. Nora Ahmed
Mr. E. Mark Braden
Ms. Morgan Brungard
Mr. Amitav Chakraborty
Mr. Thomas A. Farr
Mrs. Angelique Duhon Freel

Mr. Phillip Michael Gordon
Mr. Jonathan Patrick Hawley
Mr. Jonathan Hurwitz
Ms. Abha Khanna
Ms. Renee Marie Knudsen
Mr. Edmund Gerard LaCour Jr.
Mr. Patrick T. Lewis
Ms. Lalitha Madduri
Ms. Katherine McKnight
Mr. Shae Gary McPhee Jr.
Mr. Michael Warren Mengis
Mr. Christopher Ernest Mills
Ms. Jennifer Wise Moroux
Ms. Elizabeth Baker Murrill
Mr. Stuart Naifeh
Mr. Darrel James Papillion
Ms. Erika Prouty
Mr. Richard Bryan Raile
Mrs. Alyssa Riggins
Ms. Kathryn C. Sadasivan
Mr. Adam Savitt
Ms. Olivia Nicole Sedwick
Mr. Jacob D. Shelly
Mr. Phillip Strach
Mr. Jason Brett Torchinsky
Mr. Jeffrey M. Wale
Mr. John Carroll Walsh
Ms. Victoria Wenger