No. 22-11172

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**CORNELIUS CAMPBELL BURGESS**,

*Appellee/Cross-Appellant*,

*v.*

**JENNIFER WHANG**, in her official capacity as an Administrative Law Judge;
**FEDERAL DEPOSIT INSURANCE CORPORATION**;
**MARTIN J. GRUENBERG**, in his official capacity as Acting Chairman of the
FDIC; **MICHAEL J. HSU**, in his official capacity as a Director of the FDIC;
**ROHIT CHOPRA**, in his official capacity as a Director of the FDIC,

*Appellants/Cross-Appellees.*

_____

On Appeal from the United States District Court for the Northern District of Texas,
No. 7:22-cv-100 – The Honorable Reed O'Connor, U.S. District Judge, Presiding

_____

**APPELLEE/CROSS-APPELLANT CORNELIUS CAMPBELL BURGESS'S
RESPONSE REGARDING SUPPLEMENTAL BRIEFING SCHEDULE IN
THE FDIC'S MOTION TO LIFT STAY, ASSIGN THIS APPEAL TO BE
HEARD BY THE SAME PANEL AS *ORTEGA v. OCC*, NO. 23-60617, AND
SET SUPPLEMENTAL BRIEFING SCHEDULE**

_____

(Counsel listed inside cover.)

Manuel G. Berrelez
  *Attorney of Record*
PAUL HASTINGS LLP
2001 Ross Avenue, Suite #700-168
Dallas, Texas 75201
Phone: (972) 936-7478
Facsimile: (972) 936-7378
Email: manuelberrelez@paulhastings.com

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*

### CERTIFICATE OF INTERESTED PERSONS OF APPELLEE/ CROSS-APPELLANT CORNELIUS CAMPBELL BURGESS

*Cornelius Campbell Burgess v. Jennifer Whang*, et al. (No. 22-11172)

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Cornelius Campbell Burgess**, Appellee/Cross-Appellant, represented by:

**Manuel G. Berrelez**
**PAUL HASTINGS LLP**

2. **Herring Bank**, a regional bank headquartered in Amarillo on whose board of directors Cornelius Campbell Burgess now serves as Vice Chair;

3. **Herring Bancorp, Inc.**, the parent company of Herring Bank, on whose board of directors Cornelius Campbell Burgess now serves as Vice Chair;

4. **Jennifer Whang**, Appellant/Cross-Appellee, in her official capacity as administrative law judge, represented by:

Joseph Brooks
Arthur E. Anthony
Andrew A. Nicely
**FEDERAL DEPOSIT INSURANCE CORPORATION**

i

5. **Federal Deposit Insurance Corporation** ("FDIC"), Appellant/Cross-Appellee, an independent agency of the United States, represented by:

Joseph Brooks
Arthur E. Anthony
Andrew A. Nicely
FEDERAL DEPOSIT INSURANCE CORPORATION

6. **Martin J. Gruenberg**, Appellant/Cross-Appellee, in his official capacity as Acting Chairman of the FDIC, represented by:

Joseph Brooks
Arthur E. Anthony
Andrew A. Nicely
FEDERAL DEPOSIT INSURANCE CORPORATION

7. **Michael J. Hsu**, Appellant/Cross-Appellee, in his official capacity as a director of the FDIC, represented by:

Joseph Brooks
Arthur E. Anthony
Andrew A. Nicely
FEDERAL DEPOSIT INSURANCE CORPORATION

8. **Rohit Chopra**, Appellant/Cross-Appellee, in his official capacity as a director of the FDIC, represented by:

Joseph Brooks
Arthur E. Anthony
Andrew A. Nicely
FEDERAL DEPOSIT INSURANCE CORPORATION

Dated: September 23, 2024

/s/ Manuel G. Berrelez

Manuel G. Berrelez
   *Attorney of Record*
PAUL HASTINGS LLP
2001 Ross Avenue, Suite #700-168
Dallas, Texas 75201
Phone: (972) 936-7478
Facsimile: (972) 936-7378
manuelberrelez@paulhastings.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*

iii

# **<u>TABLE OF CONTENTS</u>**

**Page**

RESPONSE REGARDING SUPPLEMENTAL BRIEFING SCHEDULE..............1

CONCLUSION ...................................................................................................4

CERTIFICATE OF SERVICE ..........................................................................6

CERTIFICATE OF COMPLIANCE ..................................................................7

## <u>RESPONSE REGARDING SUPPLEMENTAL BRIEFING SCHEDULE</u>

This appeal, arising out of a preliminary injunction, was stayed by this Court pending the Supreme Court's resolution of *SEC v. Jarkesy*, No. 22-859.  Now that the Supreme Court has issued its decision, *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), the FDIC requests that this Court (1) lift the stay, (2) assign this appeal to be heard and disposed of by the same panel as *Ortega v. OCC*, No. 23-60617, and (3) direct the parties to file supplemental briefs addressing *Jarkesy* and any other developments or case law that would have been appropriate for Rule 28(j) letters.[1] Cornelius Campbell Burgess agrees that this Court should lift the stay, assign this appeal to the same panel as *Ortega*, and direct the parties to file supplemental briefs. But this Court should decline the invitation to enter the FDIC's proposed briefing schedule of 40 days for the FDIC's principal brief, 30 days for Burgess's response, and 21 days for the FDIC's reply, which does not account for Burgess's cross-appeal.

For the reasons discussed below, Burgess respectfully requests that this Court enter a briefing schedule that tracks the four-brief format for cross-appeals under Rule 28.1 of the Federal Rules of Appellate Procedure, with a slight modification: 45 days for the FDIC's principal brief (instead of 40 days), 45 days for Burgess's

---

[1] Appellants/Cross-Appellees' Motion to Lift Stay, Assign This Appeal to Be Heard by the Same Panel as *Ortega v. OCC*, No. 23-60617, and Set Supplemental Briefing Schedule (the "Motion to Lift Stay") at 10.

principal and response brief (instead of 30 days), 30 days for the FDIC's response
and reply brief, and 21 days for Burgess's reply brief. This slight modification of
the default schedule under Rule 28.1—five more days for the FDIC to file its
principal brief and the same amount of time for Burgess to file his principal and
response brief—is warranted due to various case law developments since this case
was stayed fourteen months ago.[2]

  First, the FDIC's proposed schedule does not account for Burgess's cross-
appeal and is thus not tailored to the realities of the case. This case presents both an
appeal by the FDIC and a cross-appeal by Burgess. The FDIC's proposed schedule,
however, treats this case as though only the FDIC appealed. Specifically, the FDIC
proposes three briefs: the FDIC's opening brief, Burgess's response, and the FDIC's
reply. The default rule for cross-appeals, however, is that there are four briefs:
(1) appellant's principal brief, (2) appellee's principal and response brief,
(3) appellant's response and reply brief, and (4) appellee's reply brief. *See* FED. R.
APP. P. 28.1(c)(1)–(4). The requested supplemental briefing schedule should mirror

---

[2] In the alternative, should this Court choose not to modify the briefing deadlines for
a cross-appeal under Rule 28.1 of the Federal Rules of Appellate Procedure, this
Court should enter a briefing schedule that exactly tracks Rule 28.1—40 days for the
FDIC's principal brief, 30 days for Burgess's principal and response brief, 30 days
for the FDIC's response and reply brief, and 21 days for Burgess's reply—rather
than entering the FDIC's proposed briefing schedule.

this format rather than treat the FDIC as the only appellant and limit Burgess to a single brief.

Second, the FDIC's proposed schedule would prejudice Burgess's ability to fully brief the issues in light of recent developments. The FDIC's appeal presents three issues: (1) whether the district court lacked jurisdiction to enter a preliminary injunction, (2) whether the district court erred in ruling that Burgess is likely to succeed on the merits of his Seventh Amendment claim, and (3) whether the district court erred in ruling that the irreparable injury requirement for a preliminary injunction was automatically satisfied.[3] Burgess's cross-appeal presents two additional issues: (1) whether the district court erred by denying a preliminary injunction as to Count 2, which alleges that the Administrative Law Judges used by the FDIC enjoy an unconstitutional level of protection from removal; and (2) whether the district court erred by denying a preliminary injunction as to Count 1, which alleges that the FDIC is unconstitutionally structured.[4]

As both parties agree, in the fourteen months since this Court stayed this appeal, federal courts have decided several cases that address or impact these issues, in addition to the Supreme Court deciding *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024).

---

[3] Opening Brief of Appellants/Cross-Appellees at 6–7.
[4] Principal and Response Brief of Appellee/Cross-Appellant Cornelius Campbell Burgess at 6.

*See* FDIC's Motion to Lift Stay at 9 ("Indeed, the need for such supplemental briefing is especially acute in this appeal, as there have been significant cases decided that address each of the issues presented by this appeal while the current stay has been in place for the past fourteen months.").  Given these developments, Burgess will be prejudiced if he has only a single supplemental brief—with less time than the FDIC, no less—to address the FDIC's appeal and his cross-appeal in light of numerous case law developments.

In support of the FDIC's request, the FDIC proposes the same supplemental briefing schedule as *Robinson v. Ardoin*, No. 22-30333, on the basis that the *Robinson* appeal was stayed pending the Supreme Court's disposition of a petition for writ of certiorari.[5]  *Robinson*, however, did not involve a direct and a cross-appeal.  The circumstances here warrant a more tailored briefing schedule as set forth herein.

## **CONCLUSION**

Burgess agrees with the FDIC's request for this Court to (1) lift the stay, (2) assign this appeal to be heard and disposed of by the same panel as *Ortega v. OCC*, No. 23-60617, and (3) direct the parties to file supplemental briefs addressing the Supreme Court's decision in *SEC v. Jarkesy* and the other developments and case

---

[5] Motion to Lift Stay at 8–9 (citing Memorandum to Counsel or Parties, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. June 28, 2023)).

law that would have been appropriate for Rule 28(j) letters had this appeal not been stayed. Burgess, however, requests the following supplemental briefing schedule in line with the four-brief format for cross-appeals under Rule 28.1 of the Federal Rules of Appellate Procedure, modified as follows: 45 days for the FDIC's principal brief (instead of 40 days), 45 days for Burgess's principal and response brief (instead of 30 days), 30 days for the FDIC's response and reply brief, and 21 days for Burgess's reply. In the alternative, should this Court choose not to modify the briefing deadlines for a cross-appeal under Rule 28.1 of the Federal Rules of Appellate Procedure, this Court should enter a briefing schedule that exactly tracks Rule 28.1—40 days for the FDIC's principal brief, 30 days for Burgess's principal and response brief, 30 days for the FDIC's response and reply brief, and 21 days for Burgess's reply—rather than entering the FDIC's proposed briefing schedule.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on September 23, 2024, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated: September 23, 2024

*/s/ Manuel G. Berrelez*
Manuel G. Berrelez
   *Attorney of Record*
PAUL HASTINGS LLP
2001 Ross Avenue, Suite #700-168
Dallas, Texas 75201
Phone: (972) 936-7478
Facsimile: (972) 936-7378
manuelberrelez@paulhastings.com

*Counsel for Appellee/Cross-Appellant*
*Cornelius Campbell Burgess*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This response complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and Fifth Circuit Rule 27.4 because it contains 1,136 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f).

2.      This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.


Dated: September 23, 2024

*/s/ Manuel G. Berrelez*
Manuel G. Berrelez
 *Attorney of Record*
PAUL HASTINGS LLP
2001 Ross Avenue, Suite #700-168
Dallas, Texas 75201
Phone: (972) 936-7478
Facsimile: (972) 936-7378
manuelberrelez@paulhastings.com

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*