Case No. 22-11172

# United States Court of Appeals for the Fifth Circuit

CORNELIUS CAMPBELL BURGESS,

*Appellee/Cross-Appellant,*

— v. —

JENNIFER WHANG, IN HER OFFICIAL CAPACITY AS AN ADMINISTRATIVE LAW JUDGE; FEDERAL DEPOSIT INSURANCE CORPORATION; MARTIN J. GRUENBERG, IN HIS OFFICIAL CAPACITY AS ACTING CHAIRMAN OF THE FDIC; MICHAEL J. HSU, IN HIS OFFICIAL CAPACITY AS A DIRECTOR OF THE FDIC; ROHIT CHOPRA, IN HIS OFFICIAL CAPACITY AS A DIRECTOR OF THE FDIC,

*Appellants/Cross-Appellees.*

On Appeal From The United States District Court For The Northern District Of Texas (Wichita Falls Division), No. 7:22-cv-00100-O, Hon. Reed O'Connor

## FDIC APPELLANTS' MOTION TO STRIKE PART OF APPELLEE/ CROSS-APPELLANT BURGESS'S SUPPLEMENTAL REPLY BRIEF

J. SCOTT WATSON
Senior Counsel
JOSEPH BROOKS
Counsel
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 Fairfax Drive, Room VS-D-7010
Arlington, VA 22226
Tel: (703) 562-2054 | Fax: (703) 562-2469

March 12, 2025

*Counsel for Appellants/Cross-Appellees*

## CERTIFICATE OF INTERESTED PERSONS

Appellants/Cross-Appellees (FDIC Appellants) are not required to provide a certificate of interested persons under 5th Cir. R. 28.2.1, as the Federal Deposit Insurance Corporation (FDIC) is a federal agency established under 12 U.S.C. § 1811 and all remaining FDIC Appellants are individuals acting in their official governmental capacities.

# FDIC APPELLANTS' MOTION TO STRIKE PART OF APPELLEE/ CROSS-APPELLANT BURGESS'S SUPPLEMENTAL REPLY BRIEF

## I. INTRODUCTION

Federal Rule of Appellate Procedure 28.1(c)(4) could not be clearer: "The appellee may file a brief in reply to the response in the cross-appeal. *That brief . . . must be limited to the issues presented by the cross-appeal.*" (Emphasis added). Moreover, this Court has been equally clear about the appropriate response of an appellant when an appellee violates this rule: A "motion [to] strike all of [the reply] brief but the part that discusses the [issues presented by the cross-appeal]."[1]

Nevertheless—for the second time in this protracted appeal—Appellee/Cross-Appellant Burgess has filed a cross-appellant's reply brief wherein more than half of the pages discuss the principal issue *presented by FDIC Appellants' appeal*—namely, whether 12 U.S.C. § 1818(i) explicitly precludes district-court jurisdiction over this case. In line with this Court's controlling precedent, FDIC Appellants therefore move to strike Burgess's supplemental reply brief except for the part that discusses the issues presented by his cross-appeal—namely, whether the district court erred in not granting Burgess a preliminary injunction based on (i) removal protections for FDIC Administrative Law Judges (ALJs) or (ii) the FDIC Board's structure.

What is more, the part of Burgess's supplemental reply brief that discusses the principal issue presented by FDIC Appellants' appeal should be stricken for a

[1] *Casas v. American Airlines, Inc.*, 304 F.3d 517, 526 (2002).

second, alternative reason. In all three briefs Burgess previously filed in this appeal, he argued that this Court sitting en banc in *Cochran v. SEC*[2] interpreted this Court's earlier panel decision in *Bank of Louisiana*[3] as having resolved a question of *explicit* jurisdiction stripping. But in his supplemental reply brief, Burgess does an about-face and instead argues that *Cochran* should be read as interpreting *Bank of Louisiana* as having resolved a question of *implicit* jurisdiction stripping. Under this Court's controlling precedent, this is not permissible because "arguments cannot be raised for the first time in a reply brief."[4]

## II.  RELEVANT BACKGROUND

1. Because the background facts and legal principles relevant to this motion are largely the same as those discussed in FDIC Appellants' earlier motion to strike part of Burgess's reply brief,[5] FDIC Appellants will not repeat those facts and legal principles here except to the extent necessary for clarity.

2. As Burgess conceded in his principal and response brief filed in this appeal two years ago, the issues presented by FDIC Appellants' appeal and Burgess's cross-appeal are, respectively, as follows:

---

[2] 20 F.4th 194 (5th Cir. 2021) (en banc), *aff'd sub nom. Axon Enter., Inc. v. FTC*, 598 U.S. 175 (U.S. 2023).

[3] 919 F.3d 916 (5th Cir. 2019).

[4] *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).

[5] *See* FDIC Appellants' Motion To Strike Part Of Cross-Appellant's Reply Brief Because It Violates Rule 28.1(c)(4) (Document: 103) (filed June 12, 2023). This Court directed that that motion be carried with the case. *See* Memorandum to Counsel (Document: 113) (filed June 15, 2023).

> The issues presented in the principal appeal filed by [FDIC Appellants] are:
>
> 1. Whether the District Court had subject-matter jurisdiction.
>
> 2. Whether the District Court erred by granting a preliminary injunction as to Count 3, which alleges that the Enforcement Proceeding violates the Seventh Amendment by depriving Burgess of his right to a jury trial.
>
> 3. Whether the District Court abused its discretion in concluding that the Enforcement Proceeding is causing Burgess irreparable harm.
>
> The issues presented in the cross-appeal filed by Burgess are:
>
> 1. Whether the District Court erred by denying a preliminary injunction as to Count 2, which alleges that the ALJs used by the FDIC enjoy an unconstitutional level of protection from removal.
>
> 2. Whether the District Court erred by denying a preliminary injunction as to Count 1, which alleges that the FDIC is unconstitutionally structured.[6]

3. Notwithstanding this passage quoted from Burgess's principal and response brief—in which Burgess concedes which issues are presented by FDIC Appellants' appeal and which issues are presented by his cross-appeal—the second paragraph of page 1 and pages 2-7 of the Argument section of Burgess's supplemental reply brief discuss *nothing but an issue Burgess conceded is presented by FDIC Appellants' appeal*—namely, whether section 1818(i) explicitly precludes district-court jurisdiction over this case.

[6] Burgess Principal & Resp. Br. 6 (bracket added); *see also id.* at vi-viii.

4. Burgess's supplemental reply brief also raises a new, conflicting argument.

5. In Burgess's March 2023 principal and response brief, he argued that "*Cochran* 'clarif[ied] that *Bank of Louisiana* was addressing *the explicit statute* at issue there' and that *Bank of Louisiana* [ ] was 'based on the explicit jurisdictional bar.'"[7] Burgess also conceded in that brief that "[n]o one disputes that *Bank of Louisiana* [ ] held that [s]ection 1818(i) *explicitly strips district-court jurisdiction* to hear the types of claims at issue in that case."[8]

6. In Burgess's June 2023 reply brief, he argued that "[t]he holding of *Cochran* was that the statute at issue in that case (15 U.S.C. § 78y(a)(1)) 'differed in a key respect' from the statute at issue in *Bank of Louisiana* [ ] (12 U.S.C. § 1818(i)(1)), because the latter statute 'included *an explicit [jurisdictional] bar'* whereas the former did not.'"[9]

7. And in Burgess's January 2025 supplemental principal and response brief, he argued that "[t]he only essential point for the analysis in *Cochran* was that '*Bank of Louisiana* was addressing *the explicit statute at issue there*' and thus 'd[id] not mandate the outcome' of the implicit-preclusion question in *Cochran*[.]"[10]

---

[7] Burgess Principal & Resp. Br. 31 (first bracket, bold type, and underlining in original; italic emphasis and second bracket added) (quoting *Cochran*, 20 F.4th at 204).

[8] *Id.* at 32 (brackets and emphasis added; bold type and underlining omitted).

[9] Burgess Reply Br. 14 (first two brackets and italic emphasis added; bold type, underlining, and third bracket in original) (quoting *Cochran*, 20 F.4th at 204).

[10] Burgess Supp. Principal & Resp. Br. 29 (first and last brackets and emphasis added) (quoting *Cochran*, 20 F.4th at 204).

8. However, in Burgess's March 2025 supplemental reply brief he reverses field and instead argues that it "cannot be correct" "that *Bank of Louisiana* resolved a question of explicit jurisdiction stripping rather than one of implicit jurisdiction stripping,"[11] and that "*Cochran* was simply distinguishing *Bank of Louisiana* on the ground that it involved a different statute under which the argument for *implicit jurisdiction stripping* was stronger[.]"[12]

## III. ARGUMENT

### A. Under This Court's Controlling Precedent, This Court Should Strike The Parts Of Burgess's Supplemental Cross-Appellant's Reply Brief That Do Not Discuss The Issues Presented By His Cross-Appeal.

Federal Rule of Appellate Procedure 28.1 "applies to a case in which a cross-appeal is filed."[13] The rule provides that "[t]he appellee may file a brief *in reply to the response in the cross-appeal*."[14] Importantly for purposes of this motion, Rule 28.1 leaves no room for doubt about what may be included in a cross-appellant's reply brief: "That brief . . . *must be limited to the issues presented by the cross-appeal*."[15] Consequently, Rule 28.1(c)(4) "does not allow the cross-appellant to use [his] reply brief as a sur-reply to the appellant's opening brief."[16]

---

[11] Burgess Supp. Reply Br. 4.

[12] *Id.* at 5 (emphasis added).

[13] Fed. R. App. P. 28.1(a).

[14] Fed. R. App. P. 28.1(c)(4) (emphasis added).

[15] *Id.* (emphasis added).

[16] *USX Corp. v. Liberty Mut. Ins. Co.*, 444 F.3d 192, 202 (3d Cir. 2006) (citing *Casas*, 304 F.3d at

But that is exactly what Burgess did here. Indeed, the second paragraph of page 1 and pages 2-7 of the Argument section of Burgess's supplemental reply brief discuss nothing but an issue presented by FDIC Appellants' appeal, *i.e.*, whether section 1818(i) explicitly precludes district-court jurisdiction over this case.

Moreover, it is evident that whether district-court jurisdiction over this case is explicitly precluded by section 1818(i) cannot be an "issue presented by the cross-appeal." Indeed, Burgess prevailed on this issue in the district court. Thus, he could not have cross-appealed from the district court's preliminary injunction order based on the court's ruling that section 1818(i) does not preclude jurisdiction over this case. And in any event, Burgess conceded this dispositive point in his principal and response brief (quoted *supra* at 3) wherein he admits that the subject-matter jurisdiction issue is presented by FDIC Appellants' appeal *and* that the only issues presented by his cross-appeal are whether the district court should have issued a preliminary injunction based on the removal protections of FDIC ALJs or the structure of the FDIC Board.

The limitation on what can be included in a cross-appellant's reply brief is a matter of fundamental fairness. As the Federal Circuit explained in *Princess Cruises, Inc. v. United States*,[17] "[t]he filing of improper sur-reply arguments is unfair to appellants who bear the burden of demonstrating prejudicial error in the decision be-

526).

[17] 397 F.3d 1358 (Fed. Cir. 2005).

ing appealed and, therefore, are entitled to the last word in both the briefs and at oral argument on their appeal."[18] The court therefore "urge[d] counsel for appellants to file timely motions to strike improper sur-reply arguments because the prejudice from improper sur-reply arguments is difficult to eliminate once such arguments have been read by the court."[19] Thus, this Court should strike the second paragraph of page 1 and pages 2-7 of the Argument section of Burgess's supplemental reply brief. This Court's decision in *Casas v. American Airlines, Inc.* is directly on point.

In *Casas*, this Court held that the Federal Rules of Appellate Procedure "do[ ] not allow the cross-appellant to use his reply . . . brief to discuss issues outside the scope of the cross-appeal."[20] Like Burgess's supplemental reply brief, the cross-appellant's reply brief in *Casas* "discusse[d] issues that [the appellant] raised in its appeal[,]" and this Court therefore "grant[ed] [the appellant's] motion [to] strike all of [the cross-appellant's] brief but the part that discussed the [issue presented by the cross-appeal]."[21] That is precisely what this motion requests this Court to do here.

What is more, not only do "[v]iolations of Rule [28.1(c)(4)] . . . impos[e] an unfair burden on opposing parties, [but] violations of [that] rule[ ] also burden the

---

[18] *Id.* at 1361.

[19] *Id.*

[20] *Casas*, 304 F.3d at 526. *Casas* applied the predecessor to Rule 28.1(c)(4)—former Rule 28(c)—which similarly provided that "[a]n appellee who has cross-appealed may file a brief in reply to the appellant's response to the issues presented by the cross-appeal." *Id.*

[21] *Id.*

[C]ourt."[22] That is especially true here, where Burgess's reply brief and supplemental reply brief collectively include more than twenty pages of unauthorized sur-reply.[23] This Court "can only conduct its work fairly and efficiently if counsel cooperate by abiding by the pertinent rules."[24] And because of what Burgess has done, that can only happen here if this Court strikes Burgess's supplemental reply brief except for the part that discusses the issues presented by his cross-appeal.

### B. This Motion Also Should Be Granted For The Alternative Reason That Burgess Impermissibly Raised A New Contradictory Argument In His Supplemental Reply Brief.

"[A] new argument cannot be raised for the first time in a reply brief, let alone a sur-reply."[25] And this is especially true where, as here, the new argument contradicts the position previously taken by the party filing the reply brief.[26]

As the language quoted above (*supra* at 4-5, ¶¶ 5-8) from the four briefs Burgess filed in this appeal establishes, Burgess argued in his first three briefs that this Court sitting en banc in *Cochran* interpreted *Bank of Louisiana* as holding that district-court jurisdiction in that case was *explicitly* precluded by section 1818(i). Then—in his supplemental reply brief—Burgess did a complete about-face and in-

---

[22] *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004).

[23] *See* Burgess Reply Br. 1-2, 4-16; Burgess Supp. Reply Br. 1, 2-7.

[24] *In re Violation of Rule 28(c)*, 388 F.3d at 1385.

[25] *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*, 850 F. App'x 213, 217 (5th Cir. 2021); *see also Benefit Recovery,* 521 F.3d at 329 ("arguments cannot be raised for the first time in a reply brief").

[26] *Allen v. Hays*, 65 F.4th 736, 745-46 (5th Cir. 2023).

stead argued that *Cochran* should be read as interpreting *Bank of Louisiana* as holding that district-court jurisdiction in that case was *implicitly* precluded by section 1818(i). This self-contradicting argument cannot be raised for the first time in a reply brief.[27]

For this additional and alternative reason, the parts of Burgess's supplemental reply brief that do not discuss the issues presented by his cross-appeal should be stricken.

## IV. CONCLUSION

This Court should strike the second paragraph of page 1 and pages 2-7 of the Argument section of Burgess's supplemental reply brief.

Dated: March 12, 2025

Respectfully submitted,

J. Scott Watson
Senior Counsel

s/Joseph Brooks
Joseph Brooks
Counsel
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 Fairfax Drive, Room D-7010
Arlington, VA 22226
Tel: (703) 562-2054
Fax: (703) 562-2496

*Counsel for Appellants/Cross-Appellees*

[27] *Id.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been filed by electronic case filing and served on counsel of record through the Court's Notice of Docket Activity on this 12th day of March, 2025.

s/ Joseph Brooks
Joseph Brooks

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion complies with the length limits of Fed. R. App. P. 27(d)(2)(A) because it contains 2,112 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

Undersigned counsel further certifies that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced 14-point (12-point for footnotes) Baskerville Old Face typeface using Microsoft Word 2016.

s/Joseph Brooks
Joseph Brooks

*Counsel for Appellants/Cross-Appellees*

Dated: March 12, 2025

## CERTIFICATE OF CONFERENCE

I certify that, on March 11, 2025, I conferred with Manuel Berrelez, counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess, who informed me that Burgess will be filing an opposition to this motion.

s/Joseph Brooks
Joseph Brooks

*Counsel for Appellants/Cross-Appellees*