**FDIC**

**Federal Deposit Insurance Corporation**
3501 Fairfax Drive, Arlington, VA 22226-3500

Legal Division, Appellate Litigation Unit

**Joseph Brooks**
Counsel
(703) 562-2054
jobrooks@fdic.gov

May 5, 2025

**BY CM/ECF**

Lyle W. Cayce, Clerk
United States Court of Appeals
  For the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

**RE:** ***Burgess v. Whang*, No. 22-11172:**
    **Response to Notice of Supplemental Authority**

Dear Mr. Cayce:

   This responds to Appellee Burgess's April 29 letter submitting *AT&T, Inc. v. FCC*.[1] Burgess argues that *AT&T* supports his position that the public-rights doctrine is inapplicable here. This Court's precedent forecloses that argument.

   As the FDIC has demonstrated,[2] this Court held in *Akin v. OTS* that 12 U.S.C. § 1818 provides "a proper administrative forum for adjudicating public rights" and, therefore, "there is no right to a jury trial" of section 1818 claims.[3] Moreover, as we have also demonstrated,[4] *Akin* is still binding precedent under the rule of orderliness because the Supreme Court's *Jarkesy* decision did not "unequivocally overrule" *Akin* or "fundamentally change[ ] the focus of the relevant analysis."[5] And as this Court recently reaffirmed, the rule of orderliness is "strict and rigidly applied."[6] Thus, *Akin* controls here and *AT&T* is irrelevant.

   What is more, even absent *Akin* and the rule of orderliness, *AT&T* would not help Burgess. Unlike the FDIC, which has identified "distinctive areas involving

---

[1] 2025 WL 1135280 (5th Cir. Apr. 17, 2025).

[2] *See, e.g.*, FDIC's Supplemental Response and Reply Brief (SR&R Br.) 17-24.

[3] 950 F.2d 1180, 1186 (5th Cir. 1992).

[4] *See, e.g.*, SR&R Br. 24-26.

[5] *Texas v. United States*, 126 F.4th 392, 407 (5th Cir. 2025).

[6] *Id.* at 406.

Lyle W. Cayce, Clerk
May 5, 2025
Page 2

---

governmental prerogatives" like those identified in *Jarkesy*[7]—specifically, safeguarding public funds in the Deposit Insurance Fund and U.S. Treasury and granting the Government benefit of deposit insurance[8]—the FCC relied on its "broad" contention that "common carriers like AT&T are 'affected with a public interest[.]'"[9] And unlike section 1818, which authorizes adjudication *exclusively* by administrative tribunals, the FCC's statute authorizes "a trial *de novo*" in federal district court.[10] Furthermore, "as long as actionable claims designed to ensure the health of banks have existed, the adjudication of those claims has been committed to executive branch agencies[,]"[11] while "claims against common carriers have been routinely adjudicated in state and federal courts."[12]

                                Respectfully submitted,

                                s/Joseph Brooks

                                Joseph Brooks
                                *Counsel for Appellants/Cross-Appellees*

cc: All counsel of record through CM/ECF

---

[7] *SEC v. Jarkesy*, 603 U.S. 109, 120, 128-30 (2024).

[8] *See* SR&R Br. 31-34, 36-38.

[9] *AT&T*, 2025 WL 1135280, at *7.

[10] *Id.* at *2.

[11] Banking and Administrative Law Scholars Amicus Br. 3.

[12] *AT&T*, 2025 WL 1135280, at *7.