

1(972) 936-7478
manuelberrelez@paulhastings.com

May 22, 2025

**BY CM/ECF**

Hon. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130

> **Re:** *Burgess v. Whang*, No. 22-11172 – Response to Appellants'/Cross-Appellees' Notice of Supplemental Authority

Dear Hon. Cayce:

We write to respond to the government's letter regarding *Millennia Housing Management v. HUD*, 2025 WL 1222589 (N.D. Ohio Apr. 28, 2025). It is far from clear that *Millennia* is correct even as to the HUD program at issue there, and it certainly provides no persuasive support for the government's distinct arguments here.

In finding that HUD could proceed through agency adjudication, the *Millennia* court relied on its conclusions that neither HUD's claims nor its requested relief had any sufficiently close common-law analogue. 2025 WL 1222589, at *9 (emphasizing that penalties would be based on "equitable [factors] that would not be possible for a jury to consider"); *id.* (indicating that the court was "not persuaded" HUD's claims "sound only in common law"). Here, in contrast, the FDIC's claims closely parallel common-law claims for negligence and breach of fiduciary duty, and it has *conceded* that it is seeking a common-law remedy. Burgess Suppl. Resp. Br. 9-13; *see id.* at 21 (explaining that the FDIC's claims rest on alleged breaches of a fiduciary duty owed by one private party (Burgess) to another (Herring Bank)).

The *Millennia* court also found that HUD's claims embodied "precisely the kind of 'self-consciously novel' regulatory scheme" approved in *Atlas Roofing Co. v. OSHA*, 430 U.S. 442 (1977). 2025 WL 1222589, at *9 (citation omitted). But



Hon. Lyle W. Cayce, Clerk
May 22, 2025
Page 2

even assuming that it remains appropriate to extend *Atlas Roofing* to new contexts after *Jarkesy*, the FDIC's claims lack the substantive novelty that the *Millennia* court found significant. Common-law courts have adjudicated banking-related claims similar to the ones at issue here since at least the 19th Century. *See* Burgess Suppl. Br. 15-16 (discussing *Hun v. Cary*, 82 N.Y. 65 (1880)). That undisputed fact negates any suggestion that this case involves brand-new claims that Congress might be freer to entrust to adjudicators outside of Article III. *See AT&T, Inc. v. FCC*, 135 F.4th 230, 239 (5th Cir. 2025) (holding that because courts historically adjudicated negligence claims against common carriers, "it would be bizarre to situate a negligence action against carriers within the 'historic categories of adjudications' falling *outside* Article III" (citation omitted)).

Respectfully submitted,

/s/ Manuel G. Berrelez

| | |
|---|---|
| Benjamin W. Snyder | Manuel G. Berrelez |
| PAUL HASTINGS LLP | *Attorney of Record* |
| 2050 M Street NW | PAUL HASTINGS LLP |
| Washington, D.C. 20036 | 2001 Ross Avenue, Suite 2700 |
| Phone: (202) 551-1873 | Dallas, Texas 75201 |
| Facsimile: (202) 551-0373 | Phone: (972) 936-7478 |
| bensnyder@paulhastings.com | Facsimile: (972) 936-7378 |
| | manuelberrelez@paulhastings.com |

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*

cc:    All Counsel of record (by CM/ECF)



Hon. Lyle W. Cayce, Clerk
May 22, 2025
Page 3

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on May 22, 2025, I electronically filed the foregoing letter with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, and served copies of the foregoing through the Court's CM/ECF system on all ECF-registered counsel.

Benjamin W. Snyder
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Phone: (202) 551-1873
Facsimile: (202) 551-0373
bensnyder@paulhastings.com

*/s/ Manuel G. Berrelez*
Manuel G. Berrelez
   *Attorney of Record*
PAUL HASTINGS LLP
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (972) 936-7478
Facsimile: (972) 936-7378
manuelberrelez@paulhastings.com

*Counsel for Appellee/Cross-Appellant Cornelius Campbell Burgess*